## COZZINS *versus* WHITAKER.

1. In ordinary sales of chattels, the law will imply a warranty of title, though none be expressed in the contract, whether it be in writing or by parol.

2. This State, however, has not adopted the rule, that a warranty of the value and quality of a chattel, is implied by a soundness of price.

3. But in an action on the case, for deceit in the sale of a slave, the bill of sale for whom, contains a general warranty of soundness, in body, mind, and title; it is competent to prove, by parol, that the slave at the time of the sale, was represented honest, industrious and free from vice; whereas, he proved to possess qualities the reverse of the representations.

4. The rule preferring written to unwritten evidence, will not apply so as to exclude parol proof, when its object is to show, that the written evidence of the contract, has been fraudulently obtained.

5. In cases of *breach of warranty*, or for deceit, in the sale of a chattel, an offer to return, or actual return, if practicable, is necessary, wherever the object is to rescind the contract, and avoid payment of the consideration money; or to recover back the price already paid.

6. A return, or an offer to return, a slave sold, is not essential, to enable the vendee to recover, in an action on the case, in the nature of deceit, for fraudulent representations, inducing the purchase.

This action was case, in the nature of deceit, commenced by the plaintiff in error, in Lawrence Circuit court, for fraudulent representations as to the value of a slave, sold by the defendant. The slave had been purchased under a bill of sale, containing a general warranty of soundness of the title, and of the body and mind of the slave; and of being a slave for life.

On the trial below, the plaintiff offered to show, by parol, that he had been induced to purchase the slave, under the representations of the vendor, that

he was honest, possessed of good qualities, and of great value; whereas, he proved dishonest, and of very bad character. The Circuit court rejected the evidence of these facts, and charged the jury, that the bill of sale was conclusive between the parties, and, that parol proof was not admissible, to vary it. This opinion of the court was excepted to, and was the ground of error relied on, here.

*Martin*, for plaintiff—*Hopkins, contra.*

SAFFOLD, J.—This was an action upon the case, brought in the Circuit court, by the plaintiff in error, against the defendant, to recover damages for a deceit, in the sale of a négro man slave, sold, by the defendant to the plaintiff, for five hundred and twenty-five dollars.

The deceit is charged, to consist in the representation and sale of the slave, as one of good qualities, and great value, when the vendor knew him to be entirely different. The declaration contains, in substance, the allegations usual, in cases of this kind.— Among other things, it alleges, that the defendant, by falsely and fraudulently representing to the plaintiff, that the slave was honest, industrious and free from vice, and, that he was of good character, and would command a high price ( when he, the defendant, knew the very reverse of all these facts to be true) he induced the plaintiff to purchase the slave, and pay for him, at the price aforesaid.—That the slave was, in fact, so dishonest, lazy and vicious—of such bad character and low repute, that he would not sell at a high price, and was of little or no value, to the plaintiff.

Without noticing some intermediate proceedings, which do not affect the questions now presented, it is sufficient, to say, the parties proceeded to trial, on the general issue, "not guilty." A bill of exceptions, taken on the trial, shows, that the plaintiff introduced a mass of parol evidence, tending to prove the truth of his declaration. That, then the defendant, without any objection being made, read, in evidence, a bill of sale, which was given, on the purchase of the slave, as follows:

"Know all men, by these presents, that I, William H. Whitaker, of," &c. "for, and in consideration of five hundred and twenty-five dollars, lawful money of the United States, to me, in hand, well and truly paid, by Brown Cozzins, the receipt whereof, is hereby acknowledged, hath granted, bargained, sold, released, and conveyed, unto the said Cozzins, his heirs," &c. "a certain negro man, named, Anthony, said to be about eighteen years old, (warranted sound, in body and mind, and a slave for life,) hereby warranting the title of said negro man, to the said Cozzins from the lawful claims of all and every person or persons. In testimony, whereof," &c. (Signed) W. H. WHITAKER."

It is farther stated, that there was no proof of any disclosure, by the defendant of any of the bad qualities of the slave, at the time of the sale.

The evidence having been closed, the court, as shown by the exceptions, arrested the argument, and "charged the jury, that the bill of sale, being admitted to have been the contract for the purchase and sale of the negro referred to, in the declaration, no evidence of a contract, different from the one stated, in the bill of sale, could be proved: nor could the

plaintiff recover, upon proving deceitful representations, by the defendant, to the plaintiff, previous to, and at the time of the sale of the kind mentioned," when such a bill of sale had been given.

The opinion and instructions of the court, to the jury, are the causes assigned for error.

The case presents the question, whether, after a purchase of a slave or other chattel, in which a bill of sale, similar to the one mentioned has been given, it is competent for the vendee to prove by *parol*, that the sale was effected by fraudulent means. That he was induced to make the purchase, by the vendor's false and fraudulent representations of the *quality* of the article, in other respects than those referred to in the bill of sale : by which means he was induced to give more for it than its value, and more than he would have done had the vendor acted in good faith: and, if sufficiently proved, to recover indemnity for the same. Would such a course involve the necessity of contradicting, varying, or infringing by parol, the terms of the written contract? If it would, the well settled rules of law forbid it; if it would not, the objection does not apply. I subscribe to the doctrine now prevalent, that in ordinary sales of chattels the law implies a warranty of *title*, though none be expressed; and that such is the rule, whether the contract be in writing or by parol, unless the contrary appear. The idea that has prevailed in South Carolina, and in a few instances, in other States, that a sound price implies a warranty of the quality and value of the article sold, is not admitted to be law.— If there has been no breach of warranty, nor any fraud, either in misrepresenting or suppressing the truth, relating to the quality of the article sold, the vendor

is not responsible for any loss or injury, that may result from the contract. But does it follow, that if he has succeeded in effecting a written contract of sale, containing a warranty of title and soundness only; and has done this by misrepresentation and deceit, respecting other qualities of the article, no less affecting its value, and concerning which the writing is silent, that he should be held equally secure and irresponsible.

How would this case have stood, had the bill of sale only expressed the bargain and sale, and the consideration in general terms. Then, notwithstanding there would have been no express warranty, the law would imply, not only a warranty of *title*, but *good faith*, in the contracting parties; and if the fact was otherwise, though a bill of sale had been given, the vendor would be responsible for the injury arising from any *latent* defect unknown to the purchaser, but within the knowledge of the seller. Can the principle be different, where the bill of sale contains a partial warranty, and is silent respecting the qualities, concerning which the deceit is charged to have been practised?

The law is held to be, that "where a person, with a design to deceive and defraud another, makes a false representation of a matter enquired of him, in consequence of which the person to whom the representation is made, enters into a contract, and thereby sustains an injury, an action on the case, in the nature of deceit, will lie at the suit of the party injured, against the party making the fraudulent misrepresentation," although otherwise a stranger to the contract.[a]

[a]Selw. N. P. 694.

The case cited in argument by the plaintiff's coun-

sel, is considered direct authority in his favor.— 2 Lit.227. That was an action on the case, for a deceit, in the sale of a female slave. The vendor had warranted the property *sound and healthy*, "except the phthisic," and which by oral declarations at the time, he represented to the vendee, she had but *slightly*. The truth was so far different, that she lingered with this disease, from the time of the sale, two or three weeks, till she died from it; and the circumstances sufficiently proved that her true situation was known to the vendor. The court of appeals (*Kentucky*) remarked, "that every person purchasing an article, or commodity, which may be defective, may be bound to espy out any visible defects, easy to be discovered, when the article is examined, and that the seller may not be responsible for such defects, will not be contested. But even then, if the seller uses any artifice to disguise such defects, or misrepresents them, or by false statements induces the purchaser to waive the defect, and make the purchase, the defect notwithstanding, the seller may be made responsible." They held, that, that disease, was one of a nature, concerning which, a purchaser might well be deceived, and especially at the stage to which it had progressed; and that where the soundness of a slave is warranted, in the bill of sale, with the exception of a particular disease, by name, if the violence or malignity of the disease, was so misrepresented as to induce the purchaser to buy, when, if he had known the truth he would not, this fraud will avoid the contract, the exception in the bill of sale notwithstanding. That was a case in which the objection to the introduction of parol evidence, relating to a written contract, could have been applied with more propriety, than in

this. There, the particular disease which produced the injury, was expressly excepted in the warranty; yet the seller was held responsible for not disclosing, truly, his knowledge of the extent of the disease: on the contrary, falsely representing it to be more slight than he knew it to be. Here the deceit is alleged to have arisen, not as respects any thing contained in the written warranty, but as to the lazy habits, and vicious practices of the slave, concerning which the writing was silent; but which the defendant verbally represented, at the time, to be far different from what he knew them to be, and that this was done as the means of inducing the plaintiff to become the purchaser.

*1Term.R.* 174   A decision at *nisi prius*,[a] also relied on by the plaintiff, is favorable to his redress. There, a sale had been made of a negro woman, at a full price, and a bill of sale had been taken, warranting the *property* of the slave. The evidence showed, that she had long labored under a disease, of which she died after the sale; and which disease was known to, and misrepresented by the seller. It was objected, that parol proof could not be admitted, to add to, or detract from a written contract. *Overton*, J. ruled, that, in no instance, can parol evidence be received to contradict a written agreement; nor can such evidence be received, to vary any part of a contract, which was in the view of the parties, when contracting.— That these principles, however, do not touch cases, where fraud has been practised.—That, *suggestio falsi* and *suppressio veri*, are sufficient to invalidate a contract, on the ground of fraud. In these cases, too, parol proof is receivable." And, that the warranty did not embrace the matter, concerning which the fraud was charged.

COZZINS vs. WHITAKER.

The law, as recognised in the cases referred to, and many others, that might be cited, sufficiently establishes the principle, that the rule, which prefers written, to unwritten evidence, does not so apply, as to exclude the latter, when its object is to prove, that the former has been fraudulently obtained—and, thereby, to avoid the contract evidenced by it, or secure indemnity to the injured party.

The cases referred to, by the defendant's counsel, do not, it is conceived, sustain the different position. They maintain the general superiority of written, over parol evidence.—That the effect of previous conversations respecting the sale, may be extinguished, by the terms of a subsequent contract; and that an honest expression of an opinion, by a vendor, or any other, on the subject of the contract, does not furnish a cause of action—though it may have been incorrect, and has injured the purchaser.— These principles, however, do not deny the right of action, as here charged.

As respects the necessity of an offer by the vendee, to return the property, which was the subject of the alleged fraudulent sale, I am of opinion, this was not necessary, to entitle the plaintiff to his action, for the amount of injury sustained. Had his object been, to rescind the contract, and recover back the consideration paid; or, if not paid, to entirely avoid the demand, then, the return, or an offer to do so, (which, when refused, is equivalent to a return,) would have been necessary, to entitle him to this relief.[a]

The principle recognised in the cases of *Bucker* vs. *Vrooman*,[b] and *Sell* vs. *Rood*,[c] entitles a vendee, on whom a deceit has been practiced, to redress, to

[a] 12 Wheat. 183; 4 Mass R. 502; 3 Stewart,

[b] 13 John R 302

[c] 15 ib. 230.

the amount of the injury sustained, without a rescission of the contract, by an offer to return the property. The doctrine of all the cases of highest authority, is conceived to be, that in case of either a *breach of warranty* or a *deceit*, if the defendant seek to rescind the contract, and avoid the payment of the purchase money, or recover it back, if paid, he must offer to return the property if practicable. But, where he sues to obtain indemnity, merely, for the injury sustained, on account of the difference between the value of the property, such as it was warranted, or represented to have been, and such as it may be proved to have been, in fact, as in this case, the offer to return, is not required.

Hence, we are of opinion, that the Circuit court erred, in the opinion and instructions, as stated. in the bill of exceptions; for which the judgment must be reversed, and the cause remanded.

TAYLOR, J., not sitting.