[Brewer v. Arantz.]

# Brewer v. Arantz.

### Bill for Injunction and to Cancel Mortgage.

1. *Complainant cannot complain at sustaining demurrer to cross-bill.*—Where a demurrer to a whole cross-bill presents but a single issue of law and is sustained, the complainant cannot. complain of the decree although it was based on one only of the several grounds of demurrer.

2. *Rescission on misrepresentation of fact; when.*—A misrepresentation of fact by a vendor whether intended to deceive or not may entitle the vendee to a rescission, but to do so it must have entered into the trade to the extent at least that the vendee must have reasonably relied upon the statement as true, and it must have formed an inducement to his purchase. If the representation be in form of fact but is intended as a mere expression of opinion and is so understood by the vendee, or where it relates to matters which the vendee understands to be equally within his own knowledge, he is not entitled to rely or act on the statement.

3. *Same.*—In determining whether a complainant's case is brought within the principles governing misrepresentations by a vendor, the circumstances attending and leading up to the trade in which the misrepresentations are alleged to have occurred, the situation of the parties at that time and their subsequent conduct respecting it, may be examined and weighed. A purchaser may be ignorant of the quality of what he buys, yet if he believes himself informed and so relies on his own mistaken judgment in bargaining the loss he may suffer is not attributable to the fault of the vendor.

4 *Waiver of wrong from misrepresentation.*—Where after full knowledge of the defects in lumber, which a complainant alleges resulted from defective logs sold to him under representations by his vendor, of quality on which he relied, the complainant sought further to ascertain whether the lumber was saleable, and asked further indulgence on his notes given for the logs which were past due, and made no complaint or offer to rescind until effort was made by his vendor to collect the notes by the foreclosure of a mortgage given to secure them, such delay if not sufficient in itself to waive the alleged wrong is indicative that the complainant's sense of injury was aroused rather by the impending sale than by imposition suffered in the original trade.

[Brewer v. Arantz.]

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

J. B. Brewer brought his bill against George Arantz & Brothers to cancel a mortgage and for injunction to prevent the sale of the property mortgaged.

The mortgage was executed to secure the payment of notes by the complainant to the defendants which were made for the purchase money of certain saw logs purchased by complainant from defendants. The bill alleges fraud and deceit on the part of defendants. Answer was made denying the allegations of the bill and a cross-bill filed to foreclose the mortgage. The facts are sufficiently stated in the opinion. The principal issue of fact was whether or not there was deceit, and this issue was decided in favor of the defendant in the trial court, and the decree affirmed on this appeal.

ARTHUR L. BROWN and W. R. FRANCIS, for appellant. (1). If the complaint relied on the representations of the defendants he had the right to rescind the contract. *Moncrief v. Williams*, 93 Ala. 373; *Henry v. Allen*, 93 Ala. 197; *Bullock v. Tuttle*, 90 Ala. 435; *Porter v. Collins*, 90 Ala. 150; *Young v. Arantz Bros.*, 86 Ala. 116. (2). This right is not barred by the mere fact that the complainant had the opportunity to discover that the representations were false.—*Baker v. Lever*, 67 N. Y. 304; *Jackson v. Collins*, 39 Mich. 557; *Kendall v. Wilson*, 41 Vt. 567. (3). When the fact and its materiality are known to the seller and the suppression is willful, it may be regarded as done to deceive or mislead, and the purchaser not having equal access of information may be regarded as defrauded.—*Jordan & Sons v. Pickett*, 78 Ala. 331; *Hanson v. Edgerly*, 29 N. H. 343; *Cornelius v. Moeley*, 7 Penn. 293. (4). Offer to rescind made in reasonable time.—*Bullock v. Tuttle*, 90 Ala. 435; *Grendorff v. Tallman*, 90 Ala. 441.

S. T. WERT, *contra.*—(1). On a sale of property open to examination by purchaser, there is no implied warranty.—59 Ala. 648. (2). Contract must be repudiated in reasonable time.—62 Ala. 175; 82 Ala. 302; 86 Ala. 116. See also *Joseph v. Decatur Land &c. Co.*, 14 So. Rep. 739; *Johnson v. Rogers*, 20 So. Rep. 929.

SHARPE, J.—The demurrer to the whole cross-bill presented but a single issue of law and the decree thereon was effective only so far as it disposed of that issue. The result was to sustain the demurrer and that result being in the complainant's favor he cannot complain of the decree though it was based upon only one of the several grounds of demurrer.—*McDonald v. Pearson*, 114 Ala. 630; *Steiner v. Parker*, 108 Ala. 357.

The objection made to a part of the cross-bill by the third demurrer, is contained and better presented in the sixth which was sustained. There was no error in overruling the other demurrers which were assigned to parts only of the bill.

The original bill seeks the amendment of a contract whereby the defendants sold to complainant certain saw logs, and to enjoin a threatened sale of land under power in a mortgage given to secure the price of the logs, as evidenced by notes and to cancel the mortgage and notes and also to recover money which had been paid on the price.

The ground relied on for relief is alleged to be that the defendants represented the logs to be sound and thereby induced the complainant to buy them when in fact they were so worm-eaten as to be unfit to be sawed into lumber.

The answer denies the material allegations of the bill and is made a cross-bill for the foreclosure of the mortgage.

A misrepresentation of fact by a vendor whether intended to deceive or not may entitle the vendee to a rescission, but to do so it must have entered into the trade to the extent at least that the vendee must have reasonably relied upon the statement as true and it must have formed an inducement to his purchase.—*Trippe v. Trippe*, 29 Ala. 637; *Foster v. Gressett's Heirs, Ib.* 393; 2 Pom. Eq. Jur., § 891; 1 Benjamin on Sales, § 691. If the representation be in form of fact, but is intended as a mere expression of opinion and is so understood by the vendee, or where it relates to matters which the vendee understands to be equally within his own knowledge, he is not entitled to rely or act on the statement.—2 Pom. Eq. Jur., § 892, and authorities, *supra*.

9

In determining whether the complainant's case is brought within these principles, the circumstances attending and leading up to the trade, the situation of the parties at that time, and their subsequent conduct respecting it may be examined and weighed.

It appears from the record that the complainant operated a saw mill on Flint river and defendants operated another mill on connecting waters and down stream from complainant's. Defendants owned a collection of logs which for two or three years had lain in the river above complainant's mill and which they could not conveniently carry past a bridge at that mill. This situation brought about an agreement under which complainant begun sawing the logs and accounting for them at a certain rate per thousand feet estimated and measured from the sound part. This continued about three weeks when a difference arose about measurements, and on May 9th, 1895, it was agreed that complainant should buy the remainder of the logs at five hundred dollars, and for the price three notes secured by the mortgage were given, each for one-third of the price and payable respectively at one, two and three months.

It was at this sale that the misrepresentation is alleged to have been made. Complainant testifies to it substantially as alleged and he is corroborated by the witness Williams who says he heard the trade between complainant and defendant Frank Arantz. We find no express denial of these statements by Arantz, but he testifies that on the same occasion, while Williams was not present, he said to the complainant plainly "that he could see the defects as well as I could, that he had sawed the lumber out of the logs and knew more about them than I myself;" and of this there is no express denial by the complainant. This statement of Arantz, if made as he says, was a disclaimer of superior knowledge which should have been understood as qualifying the representation imputed to him by the complainant. But without such statement it would seem that complainant must have depended upon his own observation which he knew was more recent than that of Arantz who had sawed no logs from that collection since the previous year.

[Brewer v. Arantz.]

Complainant testifies in substance that he had little practical experience in the business and left it mainly to his sawyer; that worm holes filled with dust and were not visible without close inspection till the lumber dried and that he first discovered the worm-eaten condition about the 4th or 5th of September when a part of the lumber was inspected and rejected by an intended purchaser.

A purchaser may be ignorant of the quality of what he buys, yet if he believes himself informed, and so relies on his own mistaken judgment in bargaining, the loss he may suffer is not attributable to fault of the vendor. Complainant had seen many of the logs dissected into lumber in his mill, and had them measured with special reference to soundness. There was no apparent cause for further investigation as to quality or for looking to Arantz for information. After full knowledge of the defects complainant sought further to ascertain whether the lumber was saleable. While doing so he wrote defendants' attorney asking for further indulgence on the notes, both of which were past due. No complaint or offer of rescission was made except by the bill which was filed the day before the sale was to occur. Such delay, if not sufficient in itself to waive the alleged wrong, is indicative that complainant's sense of injury was aroused rather by the impending sale than by imposition suffered in the original trade.

The chancellor did not err in the decree rendered and it will be affirmed at appellant's cost.

Affirmed.