# Hafer v. Cole.

*Bill to Rescind Contract and to Recover Consideration.*

(Decided February 8, 1912.   57 South. 757.)

1. *Sales; Implied Warranty of Title.*—Where the seller of goods was in possession, the law implies a warranty of title.

2. *Same; Rescission by Buyer; Breach.*—A buyer cannot rescind an executed contract of sale for a mere breach of warranty, in the absence of fraud, or an agreement giving him that right; his remedy being on the breach of warranty.

3. *Same; Grounds; Fraud.*—A material false statement, relied upon by a party to a contract of sale in ignorance of its falsity, which materially influenced him to enter into the contract, is such a fraud as will authorize rescission.

4. *Same; Defect in Title.*—The buyer of property under false representation as to the seller's title need not buy up or extinguish hostile claims in derogation of the title, and his failure to do so whereby the property is lost, does not affect his right to rescind for fraud.

[Hafer v. Cole.]

5. *Same; Insolvency.*—The right to rescind a contract of sale on account of fraud does not depend on insolvency of the other party, nor upon inadequacy of an action at law.

6. *Same; Equity; Jurisdiction.*—Courts of equity do not take jurisdiction to declare a rescission of a contract of sale, but only to administer some form of equitable relief not available in other courts, or where by reason of the insolvency of the party in fault, a judgment at law might fail to place the party in statu quo; and the right to surrender and cancellation of written instruments, including a deed, or to a reconveyance of the land, is sufficient ground for equitable jurisdiction.

7. *Same; Allegation of Defect.*—A bill to rescind a contract for fraudulent representation as to title on account of which the property has been taken from the buyer, and to compel surrender of a deed executed to the seller, or a reconveyance of the land, should allege that complainant was deceived or misled by the seller's false representation with respect to title, and failing to do so is demurrable.

8. *Same; Warranty Not in Written Contract.*—A misrepresentation by a seller of a material fact need not be a part of the contract in order to authorize rescission; and a verbal false statement with respect to it may be proved for that purpose, though the contract is in writing.

9. *Same; Implied Warranty; Knowledge.*—An implied warranty does not arise if the defect complained of is present and visible to the senses, or to ordinary observation.

10. *Same; Breach; Superior Title.*—A buyer of personal property has the right to deliver it on demand to the true and hostile owner, and in doing so he forfeits no rights of his own against the seller growing out of the failure of the seller's title.

11. *Same; Burden of Proof.*—Where a buyer of personal property has delivered it on demand to a person asserting his superior title, without awaiting an action at law, and a hostile judgment, he assumes as against the seller the burden of showing that he yielded to paramount title.

12. *Same; Hostile Claim.*—Buyer of property under a warranty of seller's title is under no duty to buy up or extinguish hostile claims to his seller's title, and if he fails to do so, and loses the property, it does not affect his right to recover for breach of the warranty.

13. *Same; Misrepresentation; Defects.*—Where a buyer relies on false representation by the seller, upon which he has a right to rely, it is immaterial that the defect is patent to ordinary observation.

14. *Fraud; Fraudulent Representation.*—Under the provisions of section 4298, to constitute legal fraud, the good faith of a party in making misrepresentation is immaterial.

15. *Contract; Rescission; Condition Precedent; Restoration.*—A party rescinding must restore or offer to restore to the other party what he has received from him by virtue of the contract, if practicable, but not where it has become impossible to make restoration by reason of the conduct or default of the other party.

16. *Vendor and Purchaser; Rescission; Parties.*—In a bill to rescind an executed contract of sale because of the seller's false representation as to title, and to compel a surrender and cancellation

[Hafer v. Cole.]

of a deed by which complainant and his wife conveyed to the seller land belonging to the wife, or for the reconveyance of the land, with a general prayer for relief, the court may decree such relief, the wife not being a necessary party to the bill.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by L. J. Cole against Savilla F. Hafer to rescind a contract for fraud, and to compel a reconveyance of land. From a decree overruling demurrer to the bill respondent appeals. Reversed, rendered and remanded.

FRANK S. WHITE & SONS, and CARMICHAEL & WINN, for appellant. In a bill for rescission, it must be shown either that defendant is insolvent, or that some fraud or misrepresentation was practiced by respondent in making sale.—*Yarbrough v. Thornton,* 147 Ala. 222; 3 Mayf. 218. The contract was in writing, and expressed no warranty, but if an implied warranty exists as in every sale, then the vendee must investigate the title, and if by reasonable diligence the failure of title could be discovered, no bill for rescission will lie.—*Yarbrough v. Thornton, supra.* The complainant had a complete and adequate remedy at law for a breach of the warranty.—*Fields v. Clayton,* 117 Ala. 538, and cases cited. Rescission will not be granted unless it be granted in toto, that is, unless the whole transaction be set aside, and the parties restored to their previous position.— *Comer v. Franklin,* 53 South. 797. Mrs. Cole was a necessary party to the bill either as complainant or respondent, as the title to the land conveyed was shown to be in her.—1 Daniel Ch. Pr. 190; *Perkins v. Briarfield,* 77 Ala. 403; *Kennedy v. Ensinger,* 87 Ala. 340; *Sawyer v. Baker,* 66 Ala. 292; *Mobile v. Gass,* 129 Ala. 222. Equity does not administer justice by halves, but settles the whole controversy.—*New Decatur v. Scharfenberg,* 147 Ala. 367.

L. J. HALEY, JR., for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The bill of complaint, as amended, shows that the respondent, Savilla F. Hafer, in August, 1910, sold and conveyed to the complainant an automobile for the price of $900, and received as a cash payment $75 in money, and also an automobile at the agreed value of $375. Afterwards complaint and his wife conveyed to respondent a lot of land at the agreed value of $400 as a payment on the balance due her; and for the remaining balance of principal and interest complainant, on November 30, 1910, executed his note for $60, payable six months after date. The contract of sale was in writing, and contains no warranty of title, nor any representations as to the state of the title; but the bill avers that at the time the contract was made respondent represented that she was the owner of the automobile, and that it was fully paid for by her. At the time of the sale the title was in fact in Mrs. Hafer's vendors, who had sold to her conditionally upon the payment of all the purchase money; her contract with them being evidenced by a writen instrument duly filed for record on April 18, 1910, and a balance of $100 being due thereon. On January 1, 1911, complainant was informed of this hostile title. On January 6, 1911, one Lehman, who was the assignee of all the rights of Mrs. Hafer's said vendors, reclaimed and took said automobile from the possession of complainant under said vendor's contract, and on January 9, 1911, complainant informed respondent of the taking of the machine by Lehman, as the assignee of her vendors, and that he, complainant, had elected to rescind his contract of purchase, and demanded back from her his own automobile, the repayment of the money she had re-

[Hafer v. Cole.]

ceived from him, the reconveyance to him, or his wife, of the lot of land, and the surrender of his $60 note.

The bill charges specifically that respondent's representations as to her ownership were untrue; that at the date of its filing Lehman was the owner of the automobile; and that in selling it to complainant under the conditions recited respondent practiced a fraud on him. It is alleged, also, that by reason of Lehman's title, possession, and right of possession complainant is unable to restore said automobile to respondent.

A demurrer was interposed to the amended bill, the grounds of which may be summarized as follows: (1) No facts are alleged to show any fraud; the averment thereof being a mere conclusion. (2) Complainant did not offer to return the automobile to respondent at the time of his alleged rescission and does not offer to do so in the bill; and does not offer to place her in statu quo, or show that it can be done. (3) Complainant may have unnecessarily or improperly allowed the automobile to be taken from him. (4) That the lot conveyed to respondent was the property of complainant's wife, as to which and whom relief cannot be properly had unless she is made a party to the bill. (5) Complainant has an adequate remedy at law. (6) Respondent may have nevertheless acted in good faith. (7) Complainant may nevertheless have known of the facts set up as a ground for rescission and relief; the contrary not being shown.

The chancellor overruled the demurrer, and the appeal is from that decree.

Where the vendor of chattels is in possession, and sells in his own right, the law implies a warranty of the title, for the breach of which an action lies in favor of the vendee.—*Williamson v. Sammons,* 34 Ala. 691.

[Hafer v. Cole.]

By the weight of authority, the vendee cannot, in the absence of fraud or an agreement giving him the right, rescind an executed contract of sale for a mere breach of warranty; his remedy in such cases being on the warranty.—35 Cyc. 138; *Pope v. Allis,* 115 U. S. 363, 6 Sup. Ct. 69, 29 L. Ed. 393. But the theory on which complainant claims rescission and seeks relief is not for the breach of an implied warranty, but for false representations by which respondent perpetrated a fraud upon him. In this aspect of the case, the following principles are well settled by the authorities, or are patently correct:

A material false statement, relied upon by the other party in ignorance of its falsity, and which materially influences him to enter into the contract, constitutes a fraud which will authorize a rescission.—*Sledge v. Scott,* 56 Ala. 202; *Perry v. Johnston,* 59 Ala. 648; *Davis v. Betz,* 66 Ala. 206; *Rice v. Gilbreath,* 119 Ala. 424, 24 South. 421; *Brewer v. Arantz,* 124 Ala. 127, 26 South. 922; *Moore v. Barber,* 118 Ala. 563, 23 South. 798..

(2) The good faith of the party in making such statement is immaterial.—*Perry v. Johnston* and *Davis v. Betz, supra;* Code, § 4298.

(3) Such statement need not be a part of the contract, so as to become a warranty, in order to authorize a rescission; and, though the contract is in writing, a verbal false statement with respect to it may be proved for that purpose.—35 Cyc. 73 (6); *Cozzins v. Whitaker,* 3 Stew. & P. 322.

(4) An implied warranty gives no right of action for a breach, where the defect complained of was present and visible to the senses, or open to ordinary observation. But this rule has no application where a party relies on a false representation by the vendor with re-

spect thereto, upon which he has a right to rely.— *Burroughs v. P. G. Co.,* 81 Ala. 255, 1 South. 212; *Woodbury v. State,* 69 Ala. 242, 44 Am. Rep. 515; *Henry v. Allen,* 93 Ala. 197, 9 South. 579; *Baker v. Maxwell,* 99 Ala. 558, 14 South. 468; 35 Cyc. 74 (c), and cases cited.

(5) As a condition precedent to the exercise of the right of rescission, the party complaining must, if practicable, restore, or offer to restore, to the other party what he has received from him by virtue of the contract.—*Cozzins v. Whitaker,* 3 Stew. & P. 322; *Jemison v. Woodruff,* 34 Ala. 143; *Young v. Arntze,* 86 Ala. 116, 5 South. 253; *Rice v. Gilbreath,* 119 Ala. 424, 24 South. 421. This rule obviously has no application, however, where it has become impossible for such party to make such restoration by reason of the conduct or default of such other party.—*Johnson v. Oehmig,* 95 Ala. 189, 190, 10 South. 430, 36 Am. St. Rep. 204.

(6) It is not merely the right, but it may be also the duty, of the purchaser of property, whether real or personal, to yield its possession to the true and hostile owner when he demands it; and although, when he so yields it without awaiting an action at law and a hostile judgment, he assumes the burden of proving that he yielded to a paramount title, he forfeits thereby no rights of his own against his vendor growing out of the failure of the title. See *Copeland v. McAdory,* 100 Ala. 553, 13 South. 545; 35 Cyc. 416, 5.

(7) The purchaser of property, whether under false representations as to the vendor's title, or a mere warranty thereof, is under no duty to the vendor to buy up or extinguish hostile claims in derogation or impairment of the title acquired by him from such vendor; and his failure to do so, whereby the property is lost,

[Hafer v. Cole.]

does not affect his right to rescind the contract for fraud, or to recover for the breach of warranty.

(8) The right to a rescission on account of fraud does not depend upon the insolvency of the other party, nor upon the inadequacy of an action at law for damages.—*Baker v. Maxwell,* 99 Ala. 558, 14 South. 468.

(9) Courts of equity do not take jurisdiction merely for the purpose of declaring a rescission, but only for the purpose of administering some form of equitable relief or protection not available in other forms, or where, by reason of the insolvency of the offending party, a judgment at law might fail to compensate the injured party, or to place him in statu quo.—*Merritt v. Ehrman,* 116 Ala. 278, 22 South. 514. The equity of the instant case lies in the right to the surrender and cancellation of written instruments, including a deed which is not void, or to a reconveyance of the land. The application of these principles to the pleadings here exhibited will condemn as without merit all of the grounds of demurrer to the amended bill except the eleventh, twelfth, and nineteenth.

The nineteenth ground was well taken, in that the bill does not allege that complainant was deceived or misled by respondent's false representations with respect to her title; for non constat he may have known of the true state of the title, and, if so, even false representations would not authorize a rescission for fraud. As to this essential factor in his case, it is complainant's duty to both allege and prove it, and as to this ground the demurrer should have been sustained.—*Insurance Co. v. Kirkpatrick,* 111 Ala. 456, 20 South. 651.

The eleventh and twelfth grounds attacked the bill for nonjoinder of an alleged necessary party; the contention being that, since the bill shows that complainant's wife, and not complainant, is the owner of the lot

[Castleberry v. Stringer.]

conveyed to respondent, the court can take no action with respect thereto, and especially cannot appropriately order its reconveyance, unless Mrs. Cole is before the court as a party litigant. Conceding that the bill shows that Mrs. Cole is the owner of the lot, and that a reconveyance of the property cannot be effectually decreed unless she is made a party, nevertheless, under the averments of the bill, and by virtue of the general prayer for relief, the court might decree the surrender and cancellation of the deed of conveyance, thereby restoring the land to its original status and ownership. And for this purpose Mrs. Cole, who is not interested in the original contract of sale cannot be deemed a necessary party. In this respect, therefore, these grounds of demurrer were not well taken, and, being interposed to the whole bill, were properly overruled.

For the error pointed out the decree of the chancellor will be reversed, and a decree here entered sustaining respondent's demurrer as to the nineteenth ground only.

Reversed, rendered and remanded. All the Justices concur.