[Hockensmith v. Winton.]

# Hockensmith *v.* Winton.

*Fraud and Deceit.*

(Decided November 24, 1914.  66 South. 954.)

1. *Fraud; Remedies; Election.*—One induced to enter into a contract by fraud may rescind for the fraud or affirm the contract and sue for the deceit.

2. *Same; Statutes.*—There is no conflict between sections 2469, 4298 and 4299, Code 1907, since one induced to enter into a contract by reason of false representation, has the right either to rescind the contract because of fraud, in which case he is not under the necessity of proving that defendant had knowledge of the falsity of the representation, or he may affirm it, and sue for damages for deceit, in which case he must prove that defendant knowingly misrepresented.

3. *Same; Action; Essentials.*—Unless a person knowing them to be false makes statements with intent to deceive, a mere expression of opinion would not support an action for deceit.

4. *Same; Elements.*—Under section 2469, Code 1907, a purchaser deceived by misrepresentations upon which he did not act cannot maintain an action for deceit.

5. *Same; Action; Evidence.*—Where the action was for deceit, and the complaint alleges several false and fraudulent misrepresentations conjunctively, plaintiff must prove all the representations to be entitled to recover.

6. *Same; Jury Question.*—Where it is doubtful whether the representation is as of matter of fact or a mere opinion, the question is for the jury.

7. *Same.*—Where a seller did not believe the representations he made, it is no defense to an action of deceit growing out of them that he obtained his information upon which he based them from an apparently reliable source.

8. *Same.*—Where plaintiff claimed that defendant, who sold him an interest in a stock of goods, made misrepresentations, evidence of the result of an inventory taken by the purchaser a year subsequent to the sale, is admissible where the amount of the goods purchased and sold during the interim was shown.

9. *Charge of Court; Abstract.*—Instructions which find no basis in the evidence adduced on the trial, should be refused.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

[Hockensmith v. Winton.]

Action by Wm. H. Winton against J. H. Hockensmith for deceit. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 1, directed to be set out, is as follows: Plaintiff claims of defendant $1,500 damages, with interest thereon, for that whereas, on or about October 22, 1910, plaintiff and defendant entered into a contract whereby defendant undertook to sell to plaintiff, and plaintiff undertook to buy from defendant, for a consideration of $1,800, an undivided one-half interest in a lot of personal property consisting of a stock of goods, wares, and merchandise, and choses in action located in New Decatur, Ala., known as the drug store of Hughes & Hockensmith. Plaintiff avers that defendant wrongfully and fraudulently represented and stated to plaintiff that the stock of goods then on hand in said drug store and owned by Hughes & Hockensmith, in which defendant owned an undivided half interest, at a valuation of 80 cents on the dollar, amounts to, and were worth, something over $4,100; that the book accounts owing to the firm of Hughes & Hockensmith by various debtors thereof, in which defendant owned a half interest, at that time amounted to $640, and that the entire amount of the indebtedness of the firm of Hughes & Hockensmith at that time was $325, and that Hughes & Hockensmith then had in bank cash with which to pay said indebtedness the sum of about $400, or at "least $50 more in the bank than the indebtedness amounted to." Plaintiff avers that said representations were material, and that he had a right to rely, and did rely, upon the truth thereof, but that said representations were false, and made by defendant wrongfully and intentionally, and with intent to deceive and defraud plaintiff. Plaintiff avers that, instead of said stock of goods at a valuation of 80 cents on the dollar being

worth over $4,100, they were worth at that valuation only, to wit, $2,500; that the accounts owing by various debtors to Hughes & Hockensmith at that time, instead of amounting in value to $640, were only in amount, to wit, $200; that, instead of the indebtedness of Hughes & Hockensmith at that time amounting to only $325, it amounted at that time, to wit, $967.74; that, instead of Hughes & Hockensmith having cash in bank at that time $400, or "at least $50 more than their indebtedness amounted to, they lacked having a sufficient amount in cash in bank, to wit, $22.14, of paying their then indebtedness, as shown by their checks then outstanding, besides other indebtedness not covered by outstanding checks. Plaintiff avers that at the time he made the contract as aforesaid with defendant he was ignorant of the falsity of the representations made to him by defendant as aforesaid, and that he believed said representations so made to him to be true, and that because he relied upon said false and fraudulent representations and acted thereon he was damaged in said sum of $1,500. Wherefore he brings this suit.

The following charges were given at plaintiff's request: (4) If you find from the evidence that defendant merely expressed his opinion as to the value of the accounts due Hughes & Hockensmith and the amount of money said firm had in bank, still, if he expressed it with the intent to deceive plaintiff, and that plaintiff was deceived thereby without fault on the part of plaintiff, your verdict should be for plaintiff.

(5) If you find the representations made by defendant (if any) as to the indebtedness owing to any by the firm of Hughes & Hockensmith was the expression of an opinion by him as to the amount of those accounts, but was nevertheless made by him with intent to deceive, your verdict should be for plaintiff, provided said

statement of opinion was false and recklessly made, not knowing whether it was true, and induced plaintiff to rely thereon, and plaintiff did rely thereon.

The following charges were refused defendant: (1) I charge you that the representations of defendant as to the outstanding accounts due the firm of Hughes & Hockensmith were expressions of opinion.

(2) The representations by defendant as to the indebtedness of the firm of Hughes & Hockensmith were expressions of opinion.

(3) I charge you that if defendant made only such representations of fact as he had received from Dr. Hughes, and that he informed plaintiff that Dr. Hughes furnished him with such statement, then your verdict should be for defendant.

(4) If you believed that defendant based his representation in good faith reasonably on information furnished him by Dr. Hughes, then such representations would not be reckless, and defendant would not be liable in this case.

CALLAHAN & HARRIS, for appellant. The time when the inventory was taken was too remote to be relevant for any purpose.—*Harraway v. Harraway,* 136 Ala. 507; 96 S. W. 417; 92 U. S. 284. The evidence adduced shows that it was res inter alios acta.—*Smith v. Flagg,* 46 Ala. 624; Elliott on Evid. sec. 140. The plaintiff's given charge 4 omits a material element of liability.— *Hooper v. Whittaker,* 130 Ala. 330; *U. M. & C. Co. v. E. A. Nat. Bank,* 129 Ala. 292; *Jordan v. Pickett,* 78 Ala. 338; 116 U. S. 602. The charge also authorized the recovery on an expression of opinion.—*L. & N. v. Dancy,* 97 Ala. 339; *L. & N. v. Johnson,* 79 Ala. 436.

O. KYLE, and SAMUEL BLACKWELL, for appellee. No brief reached the Reporter.

THOMAS, J.—Sections 4298 and 4299 of the Code, found in the chapter thereof entitled "Frauds and Perjuries," read: "(4298) Misrepresentation of a material fact, made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, *or if made by mistake and innocently,* and acted on by the opposite party, constitutes legal fraud.

"(4299) Suppression of a fact material to be known, and which the party is under obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties, or from the particular circumstances of the case."

Section 2469 of the Code, which defines actionable "deceit," reads: "Willful misrepresentation of material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such fact, unless done in such a manner as to deceive and mislead, will not support an action. *In all cases of deceit, knowledge of a falsehood constitutes an essential element.* A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood."

Upon a superficial view it would seem that sections 4298 and 2469, as quoted, are in conflict in those portions of each which we have placed in italics in the quotation; the former, in such portion, declaring, in effect that a misrepresentation, even when made by mistake and innocently, if acted on by the opposite party, constitutes legal fraud; and the latter, in such portion of it as is so italicized, declaring, in effect, that knowledge (or its legal equivalent as there defined) of the falsity of the representations on the part of the party making them is essential to the maintenance of a right of action against him for deceit. In reality, however,

[Hockensmith v. Winton.]

there is no conflict in this particular between the two sections. The law affords a party who is induced to enter into a contract by the fraud of the other party either of two remedies at law—the right of rescission, or, if waived, a right of action for deceit, either affirmatively, or as a set-off—as well as certain remedies, when appropriate, in equity.—14 Am. & Eng. Ency. Law, 156 et seq.; 2 Mayf. Dig. 1052. The first of the sections of the Code mentioned (4298) was evidently designed to state the character of fraud that would be sufficient to authorize a rescission of the contract, and for all other purposes other than an action for deceit; and the last of the sections mentioned (2469) was designed to state the character of fraud that would be necessary to support an action for deceit. In the first case legal or constructive fraud is all that is required by the law, good or bad faith being immaterial; but in the latter case actual fraud—bad faith—is absolutely essential.—*Mc-Coy v. Prince, infra,* 66 South. 950; *Hafer v. Cole,* 176 Ala. 247, 57 South. 757; Am. & Eng. Ency. Law, 21, 22; 6 Mayf. Dig. 256 (see under title "Deceit") ; 2 Mayf. Dig. 1052.

Expressions of opinion merely will not support an action of deceit, unless they are knowingly false, or are made with the intent to deceive, and are so acted upon that they did deceive.—*Tuscaloosa Co. v. Foster,* 132 Ala. 393, 31 South. 587, and a party relying on the deception for his right of action must, as essential to such right, have been ignorant of the falsity of the representations made or opinions expressed by the other party, and must have been materially influenced by them in entering into the contract.—*Hafer v. Cole,* 176 Ala. 247, 57 South. 757; *Union Mfg. & Com. Co. v. East Ala. Nat. Bank,* 129 Ala. 292, 29 South. 781; *Hooper v. Whitaker,*

130 Ala. 330, 30 South. 355; *Jordan v. Pickett,* 78 Ala. 338.

The present is an action of deceit, and the facts sufficient to an understanding of the case are stated in count 1 of the complaint, which the reporter will set out. The only difference, in legal effect, between this count and count 2—the only other count in the complaint—was that in the first count it was alleged that false and fraudulent representations were made, without stating whether they were made as a matter of opinion or as a matter of fact, and in the second count it was alleged that they were made as a matter of fact.— *Hooper v. Whitaker,* 130 Ala. 331, 30 South. 355. .

Each count alleged conjunctively, as will be observed from reading the said count that will be so set out in the report of the case, several false and fraudulent statements to have been made by the defendant, all of which, it is averred, induced the plaintiff, who believed and relied upon the truthfulness of such representations, to purchase the property. The law requires the plaintiff, who might have resorted to a separate count for each representation, but who chose here to allege them all conjunctively, to prove his case as alleged; consequently the court erred in giving at plaintiff's request written charges numbered 4 and 5, because each of said charges directed a finding for the plaintiff in the event the jury found that only one of such representations was made.—*Western Ry. of Ala. v. McPherson,* 146 Ala. 427, 40 South. 934; *L. & N. R. Co. v. Dancy,* 97 Ala. 339, 11 South. 796; *L. & N. R. R. Co. v. Johnson,* 79 Ala. 436.

Besides, charge 4 is probably further faulty, in that it omits any hypothesis as to whether or not plaintiff was induced by the fraudulent representations or expressions of opinion to enter into the contract. We

[Hockensmith v. Winton.]

conceive it to be possible that a party may, as hypothe-sized in the charge, be deceived by fraudulent represen-tations or expressions of opinion used by the other, and yet not be materially influenced thereby to take action. If he acts independently of the deception and on his own judgment and responsibility, it would seem that he cannot complain.—Code, § 2469; *Hafer v. Cole, supra; Union Mfg. Co. v. East Ala. Nat. Bank, supra; Tillis v. Smith,* 65 South. 1015. We make this suggestion so that the plaintiff may not on another trial risk the charge in its present shape as to this particular.

If, in any case, it is doubtful as to whether a repre-sentation is as to a matter of fact·or a mere opinion, the question as to which it is is one for the jury.—*Tuscaoosa Co. v. Foster,* 132 Ala. 393, 31 South. 587; *Tillis v. Smith* (Sup. Ct.) 65 South. 1015. For this reason, as well as for other reasons, the court did not err in refusing charges 1 and 2 requested by defendant.

What we have already said is sufficient, without more, to condemn charge 3 requested by defendant. It matters not from what source defendant got the informa-tion upon which he based his representations; if he did not believe such information, he did not act in good faith in making the representations—a question which the charge ignores. Besides, the court committed no error in refusing the charge, for the further reason that it is abstract; there being no evidence tending to show that defendant made all the representtions he is alleg-ed to have made, on the faith of information imparted by Dr. Hughes, but evidence only that he made some of them on such information.

The latter criticism applies also to charge 4 request-ed by defendant.

The only other alleged error that is insisted upon is as to the action of the court in admitting, over defend-

ant's objection, proof of an inventory taken by plaintiff of the stock of goods about a year after his purchase of them from defendant. At the time of the purchase defendant, according to plaintiff's evidence, represented that there was $4,400 worth of the goods. This inventory, taken about a year afterwards, showed about $907.40 worth. Standing alone, it would not have been admissible, but, when coupled with the proof, as made by plaintiff, tending to show that during that year $4,-376 worth of goods had been added by him to those bought from defendant, and that during that time $7,-399 worth had been sold by him from the total, we think the inventory was admissible as tending to show that defendant's alleged representation made as to the amount of the goods at the time of sale was false.

For the errors of the court as before pointed out in giving charges 4 and 5 the judgment is reversed.

Reversed and remanded.