# Bethea-Starr Packing & Shipping Co. *v.* Mayben.

### *Action for Destruction of Bailment.*

(Decided April 22, 1915.   Rehearing denied June 3, 1915.
68 South. 814.)

1. *Warehousemen; Damage to Goods; Liability.*—Unless caused by the negligence of the warehousemen he is not liable for damages to property stored therein in the absence of a contract rendering him so.

2. *Contracts; Validity; Misrepresentation.*—Misrepresentation of a fact by a party to a contract, whether intended to deceive or not, may entitle the other party to an action if such party reasonably relied thereon, and it formed an inducement to his prejudice.

3. *Warehousemen; Contract; Representation.*—Where the minds of the parties had already met as to a contract for storing goods in a warehouse of defendant, before defendant made any representations as to the safety of his warehouse or promised to insure the return of the goods, such misrepresentation or promise could not have been an inducement to the contract, and the owner of the goods could not recover for the loss of the goods by fire on the strength of such misrepresentation.

4. *Same.*—Under section 4298, Code 1907, the owner of goods may recover from a warehouseman for declarations made after the agreement for storage, which misled the owner and prevented her from insuring the goods against loss by fire.

5. *Same.*—Under sections 4298-9, Code 1907, in an action for the destruction of goods by fire in a warehouse based upon misrepresentations of a warehouseman as to the safety of the goods which prevented the owner from insuring them the good faith of the warehouseman in making the misrepresentation was immaterial.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by Mrs. Alice Mayben against the Bethea-Starr Packing & Shipping Company for damages, for the destruction of the subject of bailment by fire.   Judgment for plaintiff, and defendant appeals.   Reversed and remanded.

Transferred from the Court of Appeals under the act creating said court.

[Bethea-Starr Packing & Shipping Co. v. Mayben.]

THETFORD, BLAKEY & STRASSBURGER, for appellant.

L. A. SANDERSON, and W. E. ANDREWS, for appellee.

THOMAS, J.—This is an action for damages for the destruction by fire of appellee's household goods and furniture while stored in appellant's warehouse. The complaint contained three counts. The court gave the affirmative charge for the appellant on the first count. The assignments of error are based on the refusal of the court to instruct the jury that plaintiff could not recover under counts 2 and 3 of the complaint. The gravamen of count 2 is that appellant, at the time it made the contract for the storage of the goods, represented to appellee that the building in which appellee's goods would be stored was a fireproof warehouse; and that of count 3 is that appellant represented to appellee that the warehouse was fireproof, and that it would insure appellee against such damages as might occur to her goods while in the possession of appellant as warehouseman.

The question of inducement for the contract was a question for the jury, as admitted by counsel for appellant, and the jury accepted appellee's version of the facts as to the contract of storage. The question, then, is whether that testimony shows that it was a part of the agreement of storage: (1) That the goods would be stored in a fireproof warehouse; and (2) that appellant would carry insurance on the goods stored, and guarantee the safe return of the same to appellee.

(1) In the absence of a contract a warehouseman is not liable for damages to property stored, unless they were caused by his negligence. In *Seals v. Edmondson*, 71 Ala. 509, Chief Justice Brickell says: "Warehousemen are of the class of bailees known as paid agents, exercising private employments, whose liability and re-

lation is essentially different from that of common carriers. Their duty is to bring to the business in which they are employed reasonable skill and diligence, and they are answerable only for ordinary negligence."— *Moore v. Mayor*, 1 Stew. 284; *Hatchett v. Gibson*, 13 Ala. 743; *Gibson v. Hatchett*, 24 Ala. 201; *Prince v. Ala. State Fair*, 106 Ala. 340, 17 South. 449, 28 L. R. A. 716; *First Nat. Bank v. First Nat. Bank*, 116 Ala. 520, 22 South. 976; *Southern Ry. Co. v. Aldredge & Shelton*, 142 Ala. 268, 38 South. 805.

(2) A misrepresentation of a fact by a party to a contract, whether intended to deceive or not, may entitle the other party to the contract to action thereon; but to do so the misrepresentation must have entered into the contract to the extent that the other party reasonably relied upon the statement as true, and it must have formed an inducement to his prejudice.— *Hafer v. Cole*, 176 Ala. 242, 57 South. 757; *Brenard Mfg. Co. v. Citronelle Co.*, 140 Ala. 602, 609, 37 South. 509; *Brewer v. Arantaz*, 124 Ala. 127, 26 South. 922; *Trippe v. Trippe*, 29 Ala. 637; *Foster v. Gressett*, 29 Ala. 393; 1 Benj. on Sales, § 691; *Sledge v. Scott*, 56 Ala. 202; *Perry v. Johnston*, 59 Ala. 648; 2 Parsons on Contr. p. 770.

(3) Were, then, the fraudulent representations declared on in counts 2 and 3 the inducement to the storage by appellee with appellant? If so, appellant is liable under the contract. Was the contract of storage agreed on before the representations were made? If so, no action would lie growing out of the contract or of its breach.

An examination of the testimony of plaintiff will show that Mr. Bethea, of defendant firm, came to see her and requested that she store with him, saying that his firm's warehouse was "perfectly safe," and that the

next day he came and asked her if she had decided to let him store the goods, and that she said "Yes." This, then, was a meeting of the minds of the two parties to the bailment. No mention of a special contract of insurance or of safe return of the goods is found in this testimony of the plaintiff. It is true that after their minds had met in the contract entered into appellant asked if the goods were insured, and volunteered the information that his fireproof warehouse would save her insurance, and promised that he and his partner would safely return the goods stored with them. Referring to the testimony of Mrs. D. C. Thompson, it is further apparent that representations as to the fireproof character of the warehouse and as to there being insurance on goods stored therein, were made by Mr. Bethea, after "some of the goods had been loaded on the wagon of the defendants and the draymen were carrying others to the wagon."

(4) Appellee may have an action against appellant firm for its declarations made after the agreement of storage, if they were such as to mislead appellee, and prevented her from taking insurance for her own protection against loss by fire.—Code 1907, § 4298; *Cozzins v. Whitaker,* 3 Stew. & P. 322; *Hafer v. Cole, supra.*

(5) Good faith of the party in making the statement is immaterial.—Code, §§ 4298, 4299; *Perry v. Johnston, supra; Davis v. Betz,* 66 Ala. 206.

Counts 2 and 3 were on contract, or duty arising out of the contract, and not for misrepresentation or fraud that misled or deceived appellee. The affirmative charge should have been given at appellant's request.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.