(87 South. 331)
## WHITE v. GLENN et al. (4 Div. 879.)

(Supreme Court of Alabama.    Feb. 10, 1921.)

**Estoppel 83—Where warranty deed was obtained by misrepresentation that building restriction was released, no recovery for existence of restriction is permissible.**

In view of Code 1907, § 4298, defining "legal fraud," where plaintiff purchaser had represented to defendant vendor that he (plaintiff) had procured a release of a restriction on the premises and had thereby induced defendant to make a warranty deed, plaintiff could not recover of defendant for a breach of warranty resulting from the invalidity or insufficiency of the release which plaintiff had previously assured defendant was sufficient, especially where plaintiff to defendant's knowledge undertook to procure the release through the aid and advice of plaintiff's lawyer, so that defendant had the right to rely upon plaintiff's assurances not only as to the purpose and contents of the release but as to its legal effect.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Action by H. H. White against W. B. Glenn and others for breach of warranty in a deed as to title, possession, incumbrances, etc. Judgment for defendants, and plaintiff appeals. Affirmed.

The facts as found by the court are as follows:

On November 19, 1917, the defendant conveyed, together with his wife, the property described in the complaint, to the plaintiff, by a deed which contained the general covenants of warranty; that on January 20, 1908, L. M. Treadwell, and J. W. Harrison, being then in possession of the land, conveyed the same to W. B. Glenn and W. E. Henderson, in which conveyance it was stipulated that, "It is understood and agreed that no frame building be placed on this lot. It is understood and agreed that this lot shall be used for church purposes only."

That said deed was recorded in the probate office of Coffee county, and that plaintiff had actual knowledge of the restrictions therein contained when he bought from W. B. Glenn; subsequent to the last above-named deed. After several mesne conveyances, the title vested in said W. B. Glenn and was in him subject to the restrictions contained in the above-mentioned deed of Treadwell and Harrison to Glenn and Henderson, at the time of his conveyance to the plaintiff. When the plaintiff became desirous of buying the property, he and the defendant discussed the restrictions contained in said deed; the plaintiff desired it to build an infirmary, to be a frame building finished outside with pebble dash and stucco. It was then and there agreed that the plaintiff would see the grantors in said conveyance containing said restrictions and endeavor to get said restrictions removed from the same. J. W. Harrison was then dead, and left his widow and some minor children. Thereupon the plaintiff with his lawyer visited Treadwell and Mrs. Harrison, widow of J. W. Harrison, and procured from them an instrument of writing which provided that—

"In consideration of the stipulations herein contained and also of the sale by W. B. Glenn to H. H. White of the triangular lot fronting Mrs. Harrison's residence, we, L. M. Treadwell and Mrs. L. M. Harrison, hereby agree that the covenant or stipulation in that certain deed to said triangular lot made by L. M. Treadwell and J. W. Harrison to W. B. Glenn be canceled

and set aside in so far as said covenant or stipulation pertains to the erection of a brick building thereon, but said covenant or stipulation is not set aside or canceled to any further extent; and the said H. H. White further agrees to erect a stucco and pebble dash exterior building, and further agrees that said building on said lot fronts Mrs. Harrison's residence and parallel with the same."

Thereupon the said plaintiff returned to the defendant and told him, in effect, that he secured a written release of all the restrictions on said conveyance from Treadwell and Harrison to Glenn and Harrison, by an instrument signed by L. M. Treadwell and Mrs. L. M. Harrison, and that the same had been filed for record in the probate office, and requested the defendant to go and examine the same for his satisfaction. The defendant did not examine the instrument, but accepted the statements of the plaintiff as to its purport and effect, and did not know its contents, and did not know that Treadwell and Mrs. Harrison had not fully released said restrictions, but had done so only partially, but relied upon the statement of the plaintiff that they had done so fully, and was induced by said statements of the plaintiff as to the purport of said written release to execute and convey to the plaintiff said lot with general covenants of warranty therein, which was done on the same day that the said release was executed, and that on that day the plaintiff paid $500 in money and issued to him stock in an infirmary corporation which had not been incorporated at the time, said stock certificate having a face value of $250, and which infirmary was never incorporated; but that the plaintiff at the time told the defendant that he proposed to incorporate the infirmary, and has subsequently conveyed to the defendant an interest therein of the face value of $250.

That thereafter one of the minor heirs of J. W. Harrison, deceased, filed an injunction suit against the plaintiff in equity, to prevent the erection of the infirmary. Said injunction went to the final decree of the circuit court in equity, perpetually enjoining the plaintiff from the erection of said proposed infirmary upon said lot, which decree was affirmed by the Supreme Court of Alabama. During the pendency of said suit plaintiff notified the defendant of the same, and requested him to share at least in the expense of the defense, and the defendant agreed to pay $50 on an attorney's fee incurred in the defense.

I further find that the value of the lot was greatly depreciated by virtue of the restriction placed upon the use of the same as contained in said conveyance to said Glenn and Henderson above mentioned.

W. O. Mulkey, of Geneva, and Simmons & Yarbrough, of Enterprise, for appellant.

For reference to one aspect of the case, see 202 Ala. 632, 81 South. 574; 202 Ala. 622, 81 South. 564. The facts found by the court do not show actionable fraud. 12 Ala. App. 464, 67 South. 754; 121 Ala. 450, 25 South. 995; 195 Ala. 186, 70 South. 141; 11 Ala. App. 670, 66 South. 954; 14 Ala. App. 152, 68 South. 593; section 2469, Code 1907. A party asserting fraud or a false representa-

tion must have had the right to rely thereon. 9 Ala. 662, 44 Am. Dec. 448; 16 Ala. 785, 50 Am. Dec. 203; 12 R. C. L. § 113, note 5. Glenn should have offered White the money back, requesting of White a reconveyance. 126 Ala. 172, 28 South. 86; 152 Ala. 545, 44 South. 556.

W. W. Sanders, of Elba, for appellees.

The facts found by the court constituted a fraud in the law. 56 Ala. 375; 162 Ala. 327, 50 South. 254; 197 Ala. 136, 72 South. 410; 201 Ala. 218, 77 South. 744; section 4298, Code 1907. The court had the witnesses before them, and the testimony was ore tenus. 200 Ala. 613, 76 South. 972; 201 Ala. 309, 78 South. 85, L. R. A. 1918D, 858; 16 Ala. App. 648, 81 South. 140.

ANDERSON, C. J. The trial court exonerated the appellant of fraud in fact, or fraud mala fide, and properly so, upon the evident idea that he was sincere in representing to the appellee Glenn the removal of the restrictive clause as to the use of the lot in the former deed by virtue of a release procured by him and his lawyer from Treadwell and Mrs. Harrison, but found that he was guilty of fraud as matter of law in procuring from the defendants a warranty deed upon representing to them that the impediment to a good title, to wit, the restrictive clause in the old deed, had been legally and properly annulled, and thereby inducing them to make a warranty deed to said lot, which said fact was not true, though appellant may have thought at the time that he had procured a valid release, or removal of the restrictive clause.

Section 4298 of the Code of 1907:

"Misrepresentation of a material fact, made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitutes legal fraud."

See Bethea Co. v. Mayben, 192 Ala. 542, 68 South. 814; Dean v. Brown, 201 Ala. 468, 78 South. 966.

The appellant, having represented to Glenn the procurement of the release and thereby induced him to make a warranty deed to the lot, cannot now recover of Glenn for a breach of warranty resulting from the validity, or insufficiency, of the release which he had previously assured Glenn was sufficient. Prestwood v. Carlton, 162 Ala. 327, 50 South. 254. True, White may have told Glenn the release was on file in the probate office and suggested that he inspect same, but the evidence also shows, and as found by the trial court, that he assured Glenn that it not only had been obtained but also informed him as to the contents and effect of same, and the defendant had the right to rely upon said assurance without being required to make an independ-

ent investigation. Prestwood v. Carlton, supra, and cases there cited.

It is next suggested that the defendant Glenn could not have been deceived by the appellant's representation for the reason that Harrison was dead, and his widow could not validly release the restrictive clause in the old deed, as the title in part vested in certain minor children of said Harrison. These facts may be true, but White undertook to procure the release through the aid and advice of his lawyer, which fact was known to Glenn, and he had the right to act and rely upon the assurances of White not only as to the purpose and contents of the release but as to the legal effect of same.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.