# Moses *v.* Katzenberger & Sons.

*Action of Assumpsit for Purchase Price of Horse, Buggy and Wheels.*

1. *Assumpsit; false representations; partial defense; charges.*—In assumpsit for the price of a horse, buggy and wheels, where the defense is false and fraudulent representations on the sale of the horse and buggy, but not on the sale of the wheels, instructions predicated on such representations affirming defendants right to a general verdict, and thus ignoring his liability for such wheels, are erroneous.

[Moses v. Katzenberger & Sons.]

2. *Same; false representations; expression of opinion.*—In assumpsit for the value of a horse, where the defense is false and fraudulent representations by plaintiffs at the time of sale, the instructions should submit to the jury the inquiry whether the representations in evidence are intended and mutually understood by the parties as the expression of mere opinions, or as the affirmation of facts, where there is evidence from which either may be inferred.

3. *Same; expression of opinion.*—The expression of a mere opinion, to be fraudulent, must be shown to be knowingly false, made with the intent to deceive, and to have been accepted and relied on by the vendee as true.

4. *Same; fraud, suppression of facts.*—An instruction, assuming that the mere suppression of a fact at the time of sale, whether intentional or not, is fraudulent, and omitting the inquiry whether the means of information as to such fact was not equally open to both parties, which one phase of the evidence tended to show, is erroneous.

5. *Same; fraudulent representation.*—No representation can amount to an actionable deceit or fraud which is not relied on by the party claiming to be defrauded.

6. *Same; burden of proof.*—In civil cases an instruction that the *onus* of proving fraud, by a preponderance of the evidence, is on the defendant relying on such fraud, is correct.

7. *Evidence; res gestæ.*—Affidavits inclosed in letters written by plaintiff to defendant concerning the sale, and referred to in defendant's testimony, are admissible in evidence as part of the *res gestæ*, in a suit arising out of such sale.

8. *Refusal of charge.*—Where council expressly abandons in his argument a certain basis of defense, the court is justified in refusing a charge relating only to such abandoned defense,

APPEAL from Colbert Circuit Court.

Tried before Hon. H. C. SPEAKE.

The suit was on the common counts for the purchase-price of a horse, surry, and wheels sold by appellees, Katzenberger & Sons, to A. H. Moses, appellant. The defendant, Moses, by his various pleas, set up false and fraudulent representations made by plaintiffs as to the age and soundness of the horse; the return, in a reasonable time, of the horse; his refusal to receive the buggy and wheels; and the entirety of the contract.

The general nature of the evidence and objections thereto, and the merits and demerits respectively of the charges given and refused, appear in the opinion; charge 6, given by the court and referred to in the opinion, is as follows:

6. "If Katzenberger, at the time of the sale of the horse, stated to Moses that the horse was only seven years old, and made the statement as a matter of opinion, this constitutes no warranty on the part of Katzenberger, and no fraud that would vitiate the contract."

EMMETT O'NEAL and WATTS & SON, for appellant.

[Moses v. Katzenberger & Sons.]

J. B. MOORE and JAMES JACKSON, *contra*.

SOMERVILLE, J.—1. The affidavits, to which objection was taken by appellant, were admissible as a part of the correspondence between the parties to the suit. They were enclosed in letters written by the plaintiffs to defendant, and their contents were referred to by defendant in the rendition of his testimony on the trial. They were admissible on the same principle that a conversation between the parties would have been; which embodied the same averments—not as evidence of the facts stated in the affidavits, which could only be proved by the witnesses themselves, but as a part of the *res gestæ*, which in this case is the correspondence itself.

2. There is one phase of the evidence in this case which tends to show that, irrespective of the questions raised as to the alleged fraudulent representations made by the plaintiffs regarding the horse and vehicle purchased by defendant, the defendant was indebted to the plaintiffs in the sum of fifteen dollars, for which they were entitled to recover. This was claimed to be due for the set of buggy wheels purchased and shipped at the request of defendant, and for this item he no where denies his liability, except upon the theory that the purchase of the horse, vehicles, and wheels was but one single transaction. It is not claimed that there was any fraud in the sale of the wheels if it was a separate and distinct purchase as alleged by the plaintiffs.

The following charges requested by the defendant, viz.: charges number 1, 6 and 9—entirely ignore this liability by affirming the defendant's right to a general verdict in his favor upon the facts, hypothesized in these respective charges. For this reason, apart from other considerations, these charges were properly refused.

3. The defense to the present action is founded on alleged false representations made by the plaintiffs to the defendant as to the age and soundness of a horse sold by the former to the latter.

The defendant's counsel, upon the trial, expressly abandoned in his argument at the bar all right to defend, based upon the idea of a mere warranty. This eliminated the question of warranty from the case, and justified the refusal by the court of the fourth charge requested by the defendant, which related only to the subject of warranty.

4. In this case there was evidence from which the jury were authorized to infer that the representations made as to

7

the alleged age and soundness of the animal sold may have been intended and mutually understood either as the expression of a mere *opinion*, on the one hand, or, on the other, as an affirmation of a *fact.* This was an important inquiry, and should have been submitted to the jury for their determination. The rule in these two several aspects of the case is different. The affirmation of a *fact* may constitute fraud, although the vendor at the time had no knowledge of its falsity. The expression of a mere *opinion*, to be fraudulent, must be shown to be *knowingly false*, made with the intent to deceive, and to have been accepted and relied on as true. *Brown v. Freeman*, 79 Ala. 406, and cases cited; *Tabor v. Peters*, 74 Ala. 90; *Jordan v. Pickett*, 78 Ala. 331.

The second, third, seventh and eighth charges requested by the defendant were defective in failing to submit to the jury the primary and important inquiry as to whether the representations in controversy were intended and mutually understood by the parties as the expression of mere *opinions*, or the affirmation of *facts*. The second, third and fourth charges, given at the request of the plaintiffs, are reasonably susceptible of a construction conformable to the above views, and are free from error.

5.  The fifth charge correctly announced the rule of evidence for establishing fraud in civil cases. The *onus* in such cases is on the defendant, who sets up the fact of fraud as a defense to the action, to establish it by a preponderance of the evidence to the satisfaction of the jury.—*Adams v. Thornton*, 78 Ala. 489; *Phœnix Ins. Co. v. Moog*, 81 Ala. 335.

6.  The tenth charge incorrectly assumed that the mere suppression of the age of the horse, or of the alleged fact of her unsoundness, would be fraudulent, whether intentional or not, and without regard to any inquiry as to whether the means of information as to such facts was not equally open to both parties, which one phase of the evidence tended to show. This charge was properly refused.—*Jordan v. Pickett*, 78 Ala. 332.

7.  No representation can amount to an actionable deceit or fraud which is not relied on by the party claimed to be defrauded. If he has an opportunity to make an examination of the article purchased as to quality, and does so, and acts on his own judgment, there is no room for deceit. The first charge given at the request of the plaintiffs went no further than to assert this principle, and was correct. The

[Henderson v. Vincent.]

sixth charge was also free from error when construed in reference to the evidence in the case.

We discover no error in the rulings of the court and the judgment is affirmed.