191 So. 343

**COMMERCIAL CASUALTY INS. CO. v.
HOSEY et al.**

**6 Div. 483.**

Supreme Court of Alabama.

Oct. 5, 1939.

B. F. Smith, of Birmingham, for appellant.

Smith, Windham, Jackson & Rives, of Birmingham, for appellees.

BROWN, Justice.

The bill is by the insured against the insurer, after loss sustained, to reform and compel specific performance of insurance policy contract insuring complainants against "loss of money and securities oc-

casioned by robbery or attempt thereat * * from a custodian outside the premises of the complainants."

The averments of the bill are, in short, that complainants applied to the defendant for policy covering such loss occurring during the hours beginning at seven o'clock A. M., and ending at 12 o'clock midnight, and that defendant by its agent acting within the scope of his authority and employment agreed to issue the policy with such coverage, but through mistake said agent issued said policy covering losses sustained between the hours of seven A. M., and seven P. M., and that complainants through mistake of assuming that it was issued in accordance with the agreement of the parties accepted the same.

The demurrer, filed by appellant in the Circuit Court, takes the point among others, that the averments of the bill show that the complainants were guilty of negligence, in not discovering the mistake before accepting the policy, and are therefore not entitled to relief.

As decisive of the concrete question, the observation made in Kinney v. Ensminger, 87 Ala. 340, 342, 6 So. 72, is apropos: "The bill, in our opinion, shows no such culpable negligence on the part of the complainant as to bar his right to seek correction of the mistake sought to be rectified. It is not every negligence that will operate to bar in such cases, as is sometimes inaccurately asserted. 'It would be more accurate to say,' observes Mr. Pomeroy in discussing this subject, 'that where the mistake is wholly caused by the want of that care and diligence in the transaction which should be used by every person of reasonable prudence, and the absence of which would be a violation of legal duty, a court of equity will not interpose its relief.' * * 'The conclusion from the best authorities seems to be that the neglect must amount to the violation of a positive legal duty.' "

Otherwise expressed, to justify relief it must appear, that the mistake "was not wholly due to the gross negligence of the complaining party." Atlas Assur. Co. Limited, of London, England v. Byrne, 235 Ala. 281, 178 So. 451, 452; McKleroy v. Dishman, 225 Ala. 131, 142 So. 41; Parra v. Cooper et al., 213 Ala. 340, 104 So. 827.

The defendant's demurrer was properly overruled.

The defendant in its answer, after general denial, set up as a defense to the bill, negligence and gross negligence on the part of complainants in failing to discover the mistake. The evidence shows without dispute that by mistake of the agent filling out the policy he failed to state correctly the time of coverage from 7 A. M., to 12 midnight. The defendant's evidence tends to show that the policy was delivered by the defendant's agent to complainants' bookkeeper who put it in the safety vault; that a letter accompanied the policy stating the coverage as from 7 A. M., to 7 P. M., or that before the policy was delivered such letter was written as a binder. Considered in its lights most favorable to defendant the evidence at most shows that complainants failed to read the policy to ascertain whether or not it was correctly written so as to express the contract between the parties.

It is a matter of common knowledge that insurance contracts are embodied in forms skillfully drawn by experts, and are highly technical; that the insuring public usually rely on the insurer to draw the contract so as to protect the insured against loss, and this practice is encouraged by insurers as a means of building up their business. The complainants had a right to assume that the policy covered the losses as agreed between the parties.

The failure of the insured to read the policy was not a violation of a positive duty which the insured owed the insurer, and therefore, was not such negligence as will bar the complainants' right to reformation. McKleroy v. Dishman, supra; Parra v. Cooper et al., supra; Hercules Gasoline Company v. Security Insurance Company of California, 122 Cal.App. 499, 10 P.2d 128.

We are therefore of opinion that the decree granting complainants relief is well grounded in law and in fact and should be affirmed. So ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.