13 So.2d 669

FIDELITY & CASUALTY CO. OF NEW YORK v. J. D. PITTMAN TRACTOR CO.

6 Div. 899.

Supreme Court of Alabama.

May 20, 1943.

356

Lange, Simpson, Brantley & Robinson, of Birmingham, for appellee.

Gerry Cabaniss and Cabaniss & Johnston, all of Birmingham, for appellant.

LIVINGSTON, Justice.

This is a suit at law by J. D. Pittman Tractor Company, a corporation, against the Fidelity and Casualty Company of New York, a corporation.

The cause was submitted to the jury on special counts B and C, counts in deceit, and common counts 1 and D for money paid. There were a verdict and judgment for plaintiff, and defendant appealed.

The judgment must be reversed, and the cause remanded for another trial because the trial court misdirected the jury as to plaintiff's right to recover under the common counts. We will write only to those questions likely to arise on another trial.

Appellee's evidence tended to establish the following facts: Appellee has been engaged in business in Birmingham, Ala-

bama, since sometime prior to the year 1930 as sales agent for caterpillar tractors and other construction machinery. J. D. Pittman is president of the corporation. Appellant is an insurance company engaged in the business of writing public liability, and other types of insurance. A. A. Adams and Company is the general agent for appellant, and Arthur Adams, Jr., is vice-president and treasurer of A. A. Adams and Company. Beginning in 1932 A. A. Adams and Company handled all of appellee's insurance business, including fire, workmen's compensation and other forms of insurance, and wrote for appellee a policy of liability insurance designed to protect appellee from liability which might arise out of its operations as a dealer in tractors. Some time thereafter appellee commenced renting equipment to United States Engineers, the Alabama State Highway Department and others. In some instances the rented equipment was manned by the employees of appellee, while in others it was not so manned.

These operations were explained to Mr. Arthur Adams, Jr., of A. A. Adams and Company for the purpose of securing insurance coverage against liability arising out of such operations. Mr. Adams advised appellee that appellee's policy already in force covered such operations. Still later, J. D. Pittman, at the suggestion of the Caterpillar Tractor Company, manufacturers of the equipment handled by appellee, acting in his own behalf as an individual, took over some of the rental contracts entered into by appellee and made other rental contracts. Mr. Pittman consulted Mr. Adams with reference to insurance coverage for himself as an individual against liability on account of these operations. For the purpose of protecting Mr. Pittman as an individual against liability on account of these operations, and for the purpose of including the individual protection in the policy covering the operations of appellee, Mr. Adams took from appellee its existing policy and carried it away. Mr. Adams returned the policy sometime later and advised Mr. Pittman that the policy then protected both the appellee and Pittman, individually, against all liability arising out of the rental contracts. Mr. Pittman relied on the representation of Mr. Adams as to the coverage of both parties, and did not read the insurance contract, and, in so far as the record discloses no other officer or employee of appellee read the contract. As a matter of fact the rental operations of both appellee and Pittman were expressly excluded from the coverage of the policy.

While the policy was in force one John Henry Chance was killed in the operation of machinery rented by appellee. Appellant denied liability under the policy and refused to defend a suit against appellee for the death of Chance, which suit resulted in a judgment against appellee for the sum of $2,150, and $166.05 costs of court; and which was paid by appellee. Appellee also paid $200 attorney's fee incurred in defense of the Chance suit.

Is appellee liable in an action of deceit under the foregoing facts? Section 8049, Code of 1923 (now section 108, Title 7, Code of 1940) is as follows: "Misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud."

In this State, in actions for damages for false representations it is not necessary to allege or prove scienter, or that the representations were recklessly made in conscious ignorance of whether they were true or false, but it is sufficient if the representations were false in fact, and the representor may be liable for damages because of them, even though he did not know that they were untrue. Foster v. Kennedy's Adm'r, 38 Ala. 359, 81 Am. Dec. 56; Cartwright v. Braly, 218 Ala. 49, 117 So. 477.

The rule is the same in law and in equity, since an equitable cause of grievance in no way differs from a legal one unless a different remedy is needed. Cartwright v. Braly, supra.

Appellant insists that in this State a tort action for deceit may be maintained for a misrepresentation made without intent to deceive when, but only when, a benefit accrues to the party making the representation, and that no benefit accrued to appellant in the instant case.

Without deciding whether the principle insisted upon may find application under other circumstances, we do not hesitate to say that it has no application under the circumstances of this case. Most suits to recover damages arise from a contract. The plaintiff sues to recover damages because he has been fraudulently induced to make that contract. The defendant may

be, and generally is, the other party to the contract. Sometimes, however, the defendant is a third party, either the agent of the other party, or perhaps some one having no legal relation to either party. There is a distinction between suits brought against a party to the contract and suits brought against those not parties to it. When one is fraudulently induced to enter into a contract, it is quite correct, in a general sense, to say that his loss inures to the profit of the other party to the contract. In a legal sense the other party is the beneficiary of the fraud.

True, in the instant case, the misrepresentation did not result in, nor induce the making of a contract, but it did result in, or induced inaction on the part of appellee to its injury. See 26 Corpus Juris, § 81, page 1173. Had the representation been true, the loss would have fallen on appellant, and its falsity inured to the benefit of appellant, in that, no liability was created under the policy. Einstein, Hirsch & Co. v. Marshall & Conley, 58 Ala. 153, 29 Am.Rep. 729; 12 R.C.L. section 102, pp. 347, 348; 23 Amer.Jur. section 120, pp. 908, 909; Aldrich v. Scribner, 154 Mich. 23, 117 N.W. 581, 18 L.R.A.,N.S., 379. See, also, Bethea-Starr Packing & Shipping Co. v. Mayben, 192 Ala. 542, 68 So. 814, 815, an action on a contract, where this court said: "Appellee may have an action against appellant firm for its declarations made after the agreement of storage, if they were such as to mislead appellee, and prevented her from taking insurance for her own protection against loss by fire. Code 1907, § 4298 [Code 1940, Tit. 7, § 108], Cozzins v. Whitaker, 3 Stew. & P. 322; Hafer v. Cole, [176 Ala. 242, 57 So. 757]."

It is further insisted that the evidence discloses no actionable fraud, no statement of an existing fact, and shows but an expression of opinion as to appellee's coverage under the existing policy contract.

Whether a given representation is an expression of opinion or a statement of fact depends upon all the circumstances of the particular case, such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties. The mere form of the representation as one of opinion or fact is not in itself conclusive, and in cases of doubt the question should be left to the jury. Foster v. Kennedy's Adm'r, supra; Moses v. Katzenberger, 84 Ala. 95, 4 So.

237; 26 Corpus Juris, § 21, pp. 1083, 1084, 12 R.C.L. section 15, page 247.

In the case of Commercial Casualty Ins. Co. v. Hosey et al., 238 Ala. 335, 191 So. 343, 344, it was said: "It is a matter of common knowledge that insurance contracts are embodied in forms skillfully drawn by experts, and are highly technical; that the insuring public usually rely on the insurer to draw the contract so as to protect the insured against loss, and this practice is encouraged by insurers as a means of building up their business. The complainants had a right to assume that the policy covered the losses as agreed between the parties."

Whenever a person states a matter which might otherwise be only an opinion, not as a mere expression of his own opinion but as an existing fact material to the transaction, so that the other party may reasonably treat it as a fact, the statement clearly becomes a statement of fact. Coleman v. Night Commander Lighting Co., 218 Ala. 196, 118 So. 377; Cartwright v. Braly, supra; Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 65 So. 1015; Moses v. Katzenberger, supra; Tabor v. Peters, 74 Ala. 90, 49 Am.Rep. 804; Tanner v. Clark, 13 Ky.Law Rep. 922.

Under the circumstances of the instant case the representation was of a material existing fact, and not mere opinion, and upon which appellee had the right to rely. Southern Building & Loan Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21; Standard Oil Co. v. Myers, 232 Ala. 662, 169 So. 312.

The general rule as to the measure of damages, when a person is injured by the false and fraudulent representations of another is stated in the case of Kilby Locomotive & Machine Works v. D. B. Lacy & Son, 12 Ala.App. 464, 67 So. 754, 755, as follows: " 'He is entitled to recover all the damages which were within the contemplation of the parties, or which, though not within the contemplation of the parties, were either the necessary or the natural and proximate consequences of the fraud; and he can recover nothing more than this, unless the circumstances were such as to render the other party liable in exemplary damages.' 14 Am. & Eng. Ency.Law (2d Ed.) 177–179; 20 Cyc. 130 et seq.; 8 Am. & Eng.Ency.Law (2d Ed.) 640 et seq.; 13 Cyc. 28 et seq."

■■ Here, appellee is entitled to recover the amount paid in satisfaction of the Chance judgment, the court costs in connection therewith, and attorney's fee paid for defending that suit, together with interest from the date of payment: there being no insistence that either item was excessive. It was not incumbent upon appellee to prove what might have been the premium on a policy of insurance covering the operation resulting in the death of Chance. See 24 Amer.Jur. section 223, page 52.

But as above stated, the cause must be reversed. The trial court refused the general charge to defendant as to counts 1 and D, the common counts.

■ There was no evidence to support a finding that an oral contract of insurance existed between the parties. Had there been such evidence, a recovery under the common counts could be sustained, for, as stated in the case of Carbon Hill Coal Co. v. Cunningham, 153 Ala. 573, 44 So. 1016: "Where there is an express contract, the plaintiff cannot resort to an implied one. An exception to this rule, however, is that he may recover on the common counts, although the evidence discloses a special agreement, when such agreement has been executed and fully performed, and no duty remains but the payment of the price in money by the defendant; but, so long as the contract continues executory, the plaintiff must declare specially."

Further, appellant reserved exceptions to the following portion of the trial court's oral charge: "Now, under these common counts, 1 and D, I think, in addition to what I have said to you about the false representations, it would be broad enough to take in this: Did Mr. Adams make a misstatement of what opinion he held as to the liability and did he misrepresent knowingly to them what he actually did think about it, or not? In other words, did he make a false statement about this opinion knowingly?"

■ The rule relative to the question considered is stated in 1 Corpus Juris pages 1031, 1032, as follows: "There is some conflict of authority as to when and under what circumstances a party may waive a tort and maintain an action of contract with regard to the same subject matter, but it is clear that to sustain such a proceeding there must be some contract either express or implied. If there is an express contract, and the same act or transaction constitutes both a tort and a breach of the contract, the injured party may waive the tort and sue on the contract; and the same rule obtains where a contract creates a relation out of which certain duties arise, a breach of which will constitute a tort, as in case of the relation between bailor and bailee, principal and agent, patient and physician, attorney and client, or between a common carrier and a shipper, or passenger. Even where there is no express contract, and the cause of action arises out of tort, the tort may be waived and an action of contract brought in all cases where the law will imply a promise on the part of the wrongdoer to reimburse the party injured by his act; but this can be done only where such a contract can be implied, so that in cases of this character the question resolves itself into one of when and under what circumstances the law will imply such an agreement. In this connection it is to be observed that the duty to pay damages for a tort does not necessarily imply any promise to pay them, and, consequently, that a party cannot create a cause of action in contract merely by waiving a tort; but it is now equally well settled that in some cases such an agreement will be implied, for the old rule that what was a tort in its inception could not be made the basis of an implied assumpsit, has long been relaxed, and the question is to what extent. Upon this point the authorities are not agreed. Some decisions have sought to limit the right of waiving a tort and suing on implied contract to cases where personal property has been wrongfully taken and converted into money and the action is for money had and received, and to cases where the action is against the executor or administrator of the wrongdoer; but this limitation has been expressly disapproved, and the right has been extended to include a large variety of cases. The rule has been stated that for this purpose an agreement should be implied wherever one person commits a tort against the estate of another with the intention of benefiting his own estate, or wherever justice requires it in consideration of benefits received; but that no such agreement will be implied where no benefit to the wrongdoer was received or expected, or where there is a subsisting express contract between the parties in regard to the same subject matter." See, also, 1 C.J.S., Actions, § 50.

■ While there are many cases of fraud in which the tort may be waived and

the action of assumpsit maintained, the trial court's instruction, here considered, is an unwarranted enlargement of the principles stated in these cases. See note 36 L.R.A.,N.S., page 602; Steiner Bros. v. Clisby, 103 Ala. 181, 15 So. 612; Allen v. M. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 31 A.L.R. 1063; Teague v. Tennessee Valley Bank, 213 Ala. 21, 104 So. 228.

Reversed and remanded.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.