In an innocent misrepresentation and breach of implied contract action, a structural *Page 510 
engineer and his company appeal from a judgment based on a jury verdict in favor of the purchasers of a home.
William and Virginia McGuffin planned to move from Houston, Texas, to Montgomery, Alabama, and contacted Linda Totty, a real estate agent with Aronov Realty, who showed the McGuffins approximately 12 houses in the Montgomery area during the fall of 1980.
On March 31, 1981, the McGuffins returned to Montgomery, and Totty showed them a house located at 3301 Warrenton Road in south Montgomery. The McGuffins liked the thirteen-year-old house, but noticed some cracks in the ceiling and walls of the residence. The McGuffins instructed Totty to obtain a structural engineering report on the house and conditioned their purchase of this residence upon receipt of a favorable report.
Approximately two months later, on the date of closing, May 22, 1981, Totty contacted Ralph E. Jones Associates, Inc., and asked Ralph Jones, a structural engineer licensed in Alabama, to conduct a structural inspection of the Warrenton residence. Jones conducted two inspections of the house later that morning. Totty accompanied Jones on his first inspection, and he pointed out to her the particular conditions which formed the basis of his subsequent written report. Jones then conducted a second outdoor inspection of the house later that afternoon.
On the same day of the inspection, but before receiving Jones's written report, Totty telephoned Mrs. McGuffin in Houston and told her "about the cracks and that Mr. Jones said the house was in excellent structural condition."
After receiving this phone call, Mrs. McGuffin authorized the closing of the house on May 22, 1981. On May 25, 1981, Jones mailed the following written report to Totty:
"Dear Mrs. Totty:
 "At your request I inspected the [Warrenton] residence to determine its general structural condition. This letter summarizes my findings and opinions.
 "The house is a one story wood framed structure supported by a monolithic concrete slab-on-grade foundation. The exterior finish is brick veneer. The interior ceilings are gypsum board. The interior walls are gypsum board and wood panelling. The floor finishes consist of carpet and hard tile. I understand that the house is about fifteen (15) years old.
 "The house appeared to be in excellent structural condition except for some minor cracks in the south end, namely:
 "1. A small brick crack over the window of the southeast bedroom.
 "2. Two small cracks across the ceiling of the hall.
 "3. A small wall crack over the door at the south bathroom.
 "I could find no evidence that these cracks were caused by foundation movement. It appears more likely that they are due to thermal expansion and contraction of the roof. In my opinion, these cracks do not represent any major problem and are of little consequence.
 "There are some cracks in the carport slab, but these are very common and are to be expected. There is a crack in the ceiling of the carport caused by the automatic door lift. This could be easily corrected with a little block bridging between ceiling joists.
 "In summary, it is my opinion that the house is in excellent structural condition."
After taking possession of the house on or about June 29, 1981, the McGuffins immediately noticed that the cracks noted by Jones had widened considerably and new cracks had appeared. In mid-July, 1981, the situation worsened, and they called Jones to conduct a follow-up inspection of the home. Jones discovered that there had been substantial foundation movement and severe cracking since his last inspection.
To remedy the situation, Jones recommended Jacque Pebworth, who performed the necessary repair work, which consisted of underpinning the house with 24 piers. *Page 511 
The repair work took two months to complete and cost the McGuffins $12,300.00.
On February 18, 1982, the McGuffins filed a complaint in Montgomery Circuit Court which alleged that Jones, an employee of Ralph E. Jones Associates, Inc., negligently inspected the Warrenton residence and breached an implied contract between Jones and Totty to properly inspect the residence in a professional manner and to render an accurate report to the McGuffins, third party beneficiaries of this implied contract. The McGuffins sought damages in the amount of $20,000.00 to compensate them for the repair work and their concomitant mental anguish.
The defendants filed a motion to dismiss on March 19, 1982, which was later denied. The defendants then answered the McGuffins' complaint, denying negligence in the inspection and denying that a contract between the parties existed or alternatively denying the inaccuracy of the report when rendered.
The McGuffins then amended their complaint to include a count for innocent misrepresentation under Code 1975, § 6-5-101. Defendants then filed a motion for leave of court to make service on third-party-defendant Linda Totty, which was denied due to an untimely filing.
Defendants answered the amended complaint, denying any misrepresentation of material fact. The McGuffins subsequently amended their complaint a second time to delete the negligence count. The pretrial order stated that the original complaint and all amendments would be followed at trial. No stipulations or admissions were included in this order.
The McGuffins also filed a motion in limine to prevent the introduction of any testimony or comments concerning the defendants' alleged negligence or whether the defendants knew or should have known that the elevation footings at the south end of the dwelling were allegedly at an inadequate depth. Both sides submitted briefs in response to this motion. Following a hearing, the trial court granted the motion.
The case was tried before a jury, which returned a verdict against both defendants in the amount of $20,000.00. Defendants filed a motion for new trial or in the alternative for judgment notwithstanding the verdict. This motion was denied.
The issues presented for review are 1) whether the trial court erred in denying the appellants' motion for a directed verdict, which challenged the sufficiency of the evidence on the McGuffins' fraud count; 2) whether the trial court erred in refusing the appellants' affirmative charge which stated that opinions are not actionable under Code 1975, § 6-5-101, absent proof of actual fraudulent intent at the time the opinion is rendered; and 3) whether the trial court abused its discretion in granting the McGuffins' motion in limine, which precluded the admission of the routine inspection practices of the structural engineering industry in both the fraud and breach of implied contract counts.
The first issue presented for review is whether the trial court erred in denying the appellants' motion for directed verdict.
The McGuffins contend that the statement of Jones that "it is my opinion that the house is in excellent structural condition" constituted an innocent misrepresentation of material fact under Code 1975, § 6-5-101, upon which they relied to their detriment.
The appellants respond, however, that this statement of Jones is merely a professional opinion and not actionable under Code 1975, § 6-5-101, and, therefore, that the lower court erred in denying their motion for directed verdict.
Section 6-5-101, Code 1975, defines legal fraud as follows:
 "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."
To recover under either the willful, reckless, or innocent species of legal fraud, the plaintiff must establish the following *Page 512 
elements: 1) a false representation; 2) the false representation must concern a material, existing fact; 3) the plaintiff must rely upon the false representation; and 4) the plaintiff must be damaged as a proximate result. SeeInternational Resorts, Inc. v. Lambert, 350 So.2d 391, 392, 394
(Ala. 1977).
It is axiomatic that mere statements of opinion are not material facts upon which actions for legal fraud can be maintained. See Harrell v. Dodson, 398 So.2d 272 (Ala. 1981). Although the denomination of a representation as one of opinion or fact is not in itself conclusive, the ultimate determination of the true nature of a given representation depends upon all the circumstances of the particular case. See Fidelity Casualty Co. v. J.D. Pittman Tractor Co., 244 Ala. 354,13 So.2d 669 (1943).
The following testimony clearly establishes that under the particular circumstances of this case, the statement "it is my opinion that the house is in excellent structural condition" was a mere expression of professional opinion which could not form the basis of an innocent misrepresentation action.
Jacque Pebworth, a structural engineer whom the McGuffins proffered as their expert, testified that all conclusions as to the structural soundness of a residence consist of professionalopinions on the quality of a dwelling, statements which are inherently subjective and therefore incapable of a truth function:
 "Q: When you do structural engineering reports, requests of people living in residences or builders or real estate agents, are you asked to form a conclusion — are you frequently asked to form a conclusion as to the structural condition of the house?
"A: Yes, sir.
"Q: What is that conclusion generally based on?
 "A. Well, my conclusion is always — it is my opinion as of this date that certain conditions exist. This does not conclude that any time prior the foundation movement cannot — it is no guarantee, in other words, that you won't have foundation movement. This is a visual inspection that is made, and you cannot tell anything other than what you see visually. So a foundation can last a hundred years or it can break in a short while after the inspection is made."
The McGuffins then corroborated this testimony when they testified that the conclusions in Jones's written report, which were clearly denominated subjective statements of his professional opinion, did not constitute a warranty or guarantee as to the future condition of the home.
And, most importantly, Dr. McGuffin conceded the true nature of Jones's representation on cross-examination:
 "Q. Do you consider this statement ["]it is my opinion [that] the house is in excellent structural condition["] a statement of opinion?
"A. That's all a professional ever gives."
Dr. McGuffin's testimony conclusively established that the McGuffins were not justified in treating Jones's statement of professional opinion as a material fact upon which they relied to their detriment. Thus, because the McGuffins could offer no evidence which, if believed, would support a verdict in their favor on the innocent misrepresentation count, the trial court erred in refusing the defendants' motion for directed verdict.See Herston v. Whitesell, 374 So.2d 267, 270 (Ala. 1979).
Based upon the foregoing error, we pretermit consideration of the second issue and necessarily limit our review of the final issue to the implied contract count.
The final issue presented is whether the trial court erred in granting the McGuffins' motion in limine. This motion excluded the routine inspection practices of the structural engineering industry in the McGuffins' breach of implied contract *Page 513 
count which alleged that Jones failed to properly inspect the residence in a professional manner and to render an accurate structural report.
The McGuffins contend that the pre-trial order's description of their implied contract count as Jones's failure to render an accurate structural report necessarily implied that only this portion of the original count would be followed at trial.
Where neither side stipulated to such an amendment, however, we cannot say that this informal, shorthand transcription of their implied contract count takes precedence over the precise language of the pre-trial order which declared that theoriginal complaint, which included allegations of not only Jones's failure to render an accurate structural report but also Jones's failure to properly inspect the residence in aprofessional manner, would be followed at trial.
Thus, under the language of the McGuffins' original complaint, the appellants could clearly offer evidence of the routine inspection practices of the structural engineering industry to ascertain whether Jones did in fact properly inspect the residence in a professional manner. It was therefore error to grant the McGuffins' motion in limine to exclude evidence of such routine practices in regard to the breach of implied contract count.
The judgment of the circuit court is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.