ALMON, Justice.
This is an action for misrepresentation. The trial court granted summary judgment for defendants Pope and Quint Gallery of Homes and Brenda Bryant. Plaintiff McRae appeals.
On October 13,1982, McRae purchased a home at 3528 Vista Ridge Drive in Mobile, *996 Alabama, which was constructed by Mike Marlin of Mike Marlin Construction Company. McRae and her real estate agent, Iris Reeves, of Century 21 Realty Co., looked at the house while it was still under construction and contacted the listing agent, Brenda Bryant, of Pope and Quint Realty.
McRae had been cautioned by Reeves to be sure the home was built by a reputable builder before making a purchase. McRae questioned Bryant about Mike Marlin. According to McRae, Bryant told her that Marlin had built numerous large houses and it was because he had done so that he put so many “extras” in the small house in question.
McRae allowed Marlin to show the home as a model. On one such occasion McRae heard Marlin say that he was very proud of the house because it was the first complete house he had built. Later, McRae experienced major difficulties with the house: the chimney leaning two inches away from the house; an unlevel back porch; significant erosion problems; cracks in the brick floor of the family room; and French doors leading to the back porch that can no longer be opened.
Summary judgment should be granted only when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Any reasonable doubt concerning the existence of a genuine issue of material fact must be resolved against the moving party. Rule 56(c), A.R.Civ.P.; Pruitt v. Elliott, 460 So.2d 1275 (Ala.1984); Hale v. City of Tuscaloosa, 449 So.2d 1243 (Ala.1984); White v. Law, 454 So.2d 515 (Ala.1984).
After reviewing the record we are of the opinion that summary judgment was premature. Bryant’s alleged statements concerning Marlin’s building experience, if untrue, go beyond legally accepted puffery or sales rhetoric.
Thus the summary judgment is reversed and the cause is remanded for trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, BEAT-TY and HOUSTON, JJ., concur.