This is an action for fraud, breach of fiduciary duty, negligence, and breach of contract. The two defendants who are appellees here raised the statute of limitations and an assertion that the alleged misrepresentations were mere statements of opinion or "puffing" and not statements of material fact. The trial court granted summary judgment for defendants Cooper and Company, Inc., and Ted Brown, and entered a Rule 54(b), A.R.Civ.P., order of finality. Plaintiff, Frederika Marie Davis, appeals.
In 1982 Davis contacted Jane Sturtevant, an agent of Cooper and Company, Inc., a realtor, to inquire about purchasing a home. After showing Davis several homes, Sturtevant suggested that Davis attend an "open house" being conducted by Ted Brown, also an agent of Cooper and Company. After negotiations with Cooper and Company through its agents Brown and Sturtevant, Davis signed a purchase agreement with John N. Richmond Builders, Inc., for a home to be built in Vista Ridge Subdivision in Mobile. The house was completed, the sale was closed, and Davis moved in. She discovered numerous defects in the construction of the house and filed suit against Richmond Builders, John N. Richmond, Cooper and Company, and Brown.
Davis alleged that during negotiations with Cooper and Company, numerous fraudulent statements were made by Brown and Sturtevant, such as: *Page 1003 
 1. That Sturtevant was Davis's agent in connection with the purchase of the house and lot and that she owed a duty to Davis and would be looking out for her (Davis's) interest in the transaction.
 2. That Cooper and Company "endorsed" Richmond Builders, that Richmond Builders was a "quality builder," and that she could not go wrong with a Richmond-built home.
 3. That the school board owned the property adjoining the lot that Davis purchased.
 4. That Brown told Davis that she could change the plans of the house.
 5. That Brown told Davis that he was Richmond's coordinator and took care of construction details.
Appellees claim that Davis should have known that any cause of action for fraud had accrued well before the closing date of April 1, 1983. Davis claims that she did not know that the statements were false until after this date. The importance of this date is clear. Code 1975, § 6-2-3, provides:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year[1] within which to prosecute his action."
This action was instituted on April 2, 1984. If Davis discovered that the statements were false after the closing date, then the action was timely commenced, because the day of the act, event, or default from which the designated period of time begins to run shall not be included. A.R.Civ.P., Rule 6(a). Even if Davis made the discovery on April 1, 1983, the action was timely commenced, because April 1, 1984, fell on a Sunday. When the last day of the period falls on a Saturday, Sunday, or legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday, or legal holiday. A.R.Civ.P., Rule 6(a).
Facts constituting fraud are considered to have been discovered when they ought to have been discovered through reasonable diligence. Geans v. McCaig, 512 So.2d 1308 (Ala. 1987); Boros v. Palmer, 472 So.2d 1020 (Ala. 1985); Papastefanv. B L Construction Co., 385 So.2d 966 (Ala. 1980). The question of when a party discovered or should have discovered the existence of a fraud is ordinarily one for the trier of fact. Sims v. Lewis, 374 So.2d 298 (Ala. 1979).
There was credible evidence before the court when it ruled on the summary judgment motion that would support a finding that Davis was not aware of the falsity of the alleged misrepresentation until after the closing. A jury could find from this evidence that the defects Davis discovered before the closing, such as the use of a half-glass door in the master bedroom instead of an all wood door, and a kitchen drawer that would not open because the stove was placed too close to the cabinet, were not so substantial as to put her on notice of the falsity of the statement that the house was a "quality built" home. The jury could also find that the defects she discovered after the closing, and arguably could not have discovered by reasonable diligence before it, such as a cracked slab, dips in the roof, and seams appearing in the walls, were substantial enough to justify a conclusion that the alleged endorsements of Richmond Builders were actionable misrepresentations.
Since the determination of when the fraud was or should have been discovered is a question for determination by the trier of fact, summary judgment should not have been granted on this ground.
Davis alleges that a fiduciary relationship existed between herself and the appellees and that this relationship was breached. A broker may be an agent for both parties in a sales transaction; however, he opens himself to possible liability when he does so without full disclosure to *Page 1004 
both parties. Cashion v. Ahmadi, 345 So.2d 268 (Ala. 1977). InCashion, this Court further held that whether a realtor is an agent of the buyer as well as an agent of the seller is a question for the jury. If it is determined that the realtor is an agent of the buyer, then a fiduciary relationship exists between them.
The pertinent statute of limitations for breach of fiduciary duty was one year[2] also. In Jefferson County Truck Growers Ass'nv. Tanner, 341 So.2d 485 (Ala. 1977), this Court held that the plaintiff's action accrued at the time he knew of the alleged fraudulent activity. The time of the discovery of the fraud is a question for the trier of facts. Sims, supra. Therefore, summary judgment should not have been granted based on the statute of limitations on the breach of fiduciary duty claim.
Counts I, II, and III are claims against John Richmond and Richmond Builders and do not apply to this appeal. Counts VI and VII concern Davis's fraud claim. In Counts IV and V of her complaint, Davis attempts to state claims for negligence and breach of contract. After reviewing these counts, we find that they do not raise a genuine issue as to any material fact and that these defendants were entitled to judgment as a matter of law as to these counts. Rule 56, A.R.Civ.P. Therefore, the trial court did not err in granting summary judgment on Counts IV and V.
Davis alleges that Brown and Sturtevant made numerous fraudulent misstatements of fact to her, including statements that Sturtevant was her agent and would assist her; that Richmond homes were "quality built" homes; that the school board owned the property adjoining her property; that she could make changes in the plans of the house; and that Brown was Richmond's coordinator. There is evidence from which a jury could determine that Brown and Sturtevant made representations to Davis that Sturtevant was her agent in the transaction and would be looking out for her interests. There is also evidence that Sturtevant was not her agent but rather was the agent of the seller, Richmond Builders, and that any representations otherwise were false.
Evidence also exists from which a jury could determine that, when Brown and/or Sturtevant told Davis that Richmond homes were "quality built" homes, Brown had listed and sold only six or seven Richmond-built homes and Sturtevant had listed and sold only one. A jury could infer from this evidence that Cooper and Company had not had enough contact with Richmond to have knowledge of the truth or falsity of its statement and that to make such a statement would be to do so recklessly. In addition, there is also evidence that all of the work on the house was done by subcontractors and that Cooper and Company had nothing to do with the hiring of the subcontractors. A jury could determine from this evidence that Cooper and Company did not have adequate knowledge of the work done by the subcontractors to make statements concerning the quality of their work and that to make these statements would be to do so recklessly.
There is also evidence from which a jury could find that Brown told Davis that the school board owned the property adjoining the lot that she purchased. There is also evidence, including Brown's testimony, that at no time during the negotiations did the school board own the property and that Brown was aware of this fact.
In addition, a jury could determine from the evidence that Brown told Davis that she could make changes in the plans of the house after initially approving the plans. Evidence also exists from which a jury could find that the only changes that she was allowed to make were those that were cost beneficial to Richmond Builders.
Evidence also exists from which a jury could determine that Brown told Davis that he was Richmond's coordinator and took care of construction details. There is also evidence, including testimony by John Richmond, that this statement was not true. *Page 1005 
Appellees argue that these statements were merely statements of opinion or "puffing" rather than fraudulent statements of material fact.
 "Whether a given representation is an expression of opinion or a statement of fact depends upon all the circumstances of the particular case, such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties. The mere form of the representation as one of opinion or fact is not in itself conclusive, and in cases of doubt the question should be left to the jury."
Fidelity Casualty Co. of New York v. J.D. Pittman TractorCo., 244 Ala. 354, 13 So.2d 669 (1943). See also, McRae v. Pope Quint Gallery of Homes, 492 So.2d 995 (Ala. 1986). Accordingly, the determination of whether these statements were statements of opinion or statements of fact is an issue for the jury, and summary judgment should not have been granted.
The judgment is affirmed as to the breach of contract and negligence claims and reversed as to the other claims.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, JONES, BEATTY and HOUSTON, JJ., concur.
[1] Now 2 years. 1984-85 Ala. Acts, No. 85-39, p. 40, 2d Special Session 1984-85. See also Code 1975, § 6-2-39(a)(5) (repealed by Act 85-39) and § 6-2-38(l) (amended by Act 85-39).
[2] Code 1975, § 6-2-39(a)(5) (repealed by 1984-85 Ala. Acts, No. 85-39, p. 40, 2d Special Session 1984-85). The limitation is now two years. Act 85-39.