Inez Boswell, appellant, filed suit against James H. Coker, individually and doing business as Jim Coker Property Sales. Jefferson Federal Savings and Loan Association of Birmingham, Jim White, White Roofing and Supply Company, and Bob Andrews were also named as defendants.
The plaintiff claimed fraud against Jim Coker, Jefferson Federal, and White Roofing. She made negligence and breach of contract claims against the other defendants.
Plaintiff appeals from a summary judgment, made final pursuant to A.R.Civ.P. 54(b), in favor of defendant James H. Coker. We reverse.
On June 5, 1984, Boswell executed a contract for the purchase of a 25-year-old house from Jefferson Federal. The sales contract provided that the property was being sold in its "as is" condition, subject to outstanding rights of redemption, and it also provided that no representations or warranties of any kind or character, express or implied, were being made as to the condition of the material and workmanship in the dwelling house located on the property. The sales contract further provided that the purchaser had inspected and examined the property and was purchasing it based on no representations or warranties — expressed or implied — but on her own judgment. Plaintiff Boswell had ample opportunity to inspect the premises prior to the closing.
Boswell made no complaint about the premises prior to entering the sales contract. Afterwards, she made repeated complaints to Coker, the real estate agent who sold the house to Boswell. Coker contacted a Mr. Andrews of Jefferson Federal about inspecting the roof. Andrews then asked Coker to call White Roofing and Supply Company and ask it to have someone inspect the roof. David White, of White Roofing, did inspect the roof. David White told Coker that, comparing the cost of repairing the roof to what it would cost to reroof the house, it would be better to reroof the house entirely. Coker related this information to Andrews. Andrews told Coker that Jefferson Federal did not want to put a new roof on the house, but asked Coker to see if temporary repairs could be made to the roof. Coker never mentioned to Boswell the fact that White Roofing had told him that, considering the cost of repairs, it would be better to put a new roof on the house. James White of White Roofing subsequently made some minor repairs to the roof. A letter regarding the roof was written by White Roofing to Jefferson Federal. This letter certified that the roof was reasonably sound and should be servicable for one year. Coker read this certification to Boswell over the telephone. Also, Boswell claims in an affidavit, Coker told her that the house was in *Page 495 
excellent condition and that there was nothing wrong with the roof.
At the closing, the purchaser reaffirmed the "no representations or warranties" provisions of her original sales contract, by executing an additional document to that effect. The purchaser proceeded with the closing, after receiving and considering a copy of the certification letter from White Roofing. After the closing, Boswell discovered that the roof leaked. Mike White of White Roofing then inspected the roof and advised that a new roof was needed.
 I.
Summary judgment should be rendered only if the pleadings, depositions, answers to interrogatories, or affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.;Sadie v. Martin, 468 So.2d 162 (Ala. 1985). If there is any evidence supporting the position of the party against whom the motion is made, summary judgment cannot be granted. Ray v.Montgomery, 399 So.2d 230 (Ala. 1980).
 II.
To recover under either the willful, reckless, or innocent species of fraud, the plaintiff must establish: 1) a false representation 2) that concerned a material, existing fact and 3) that the plaintiff relied on that false representation and 4) was damaged as a proximate result. Jones v. McGuffin,454 So.2d 509 (Ala. 1984). Also, to recover for misrepresentation, a plaintiff's reliance must be reasonable under the circumstances. Torres v. State Farm Fire Cas. Co.,438 So.2d 757 (Ala. 1983). If the circumstances are such that a reasonably prudent person exercising ordinary care would have discovered the facts, the plaintiff should not recover for misrepresentation. Id.
Ordinarily, a real estate agent selling a used home is under no duty to speak; however, "where one responds to an inquiry, it is his duty to impart correct information, and he is guilty of fraud if he denies all knowledge of a fact which he knows to exist, or if he gives equivocal, evasive, or misleading answers calculated to convey a false impression, even though literally true as far as they go, or if he fails to disclose the whole truth." Jackson Co. v. Faulkner,55 Ala. App. 354, 363-64, 315 So.2d 591 (1975), quoting AmericanBonding Co. of Baltimore v. Fourth Nat. Bank, 206 Ala. 639,641, 91 So. 480, 482 (1921); see Collier v. Brown, 285 Ala. 40,228 So.2d 800 (1969); Ray v. Montgomery, 399 So.2d 230, 232
(Ala. 1980).
The Jackson Co. case and the Torres case present two propositions. First, the Jackson Co. case holds that a person has a duty to disclose all relevant information if someone inquires about a relevant matter. 55 Ala. App. at 363-64,315 So.2d at 600. Second, the Torres case holds that because it is the policy of the courts not only to discourage fraud but also to discourage negligence and inattention to one's own interests, a plaintiff's reliance on a representation must be reasonable. 438 So.2d at 758-59.
These two propositions, taken together, indicate that although there is a duty to reveal the truth about a matter once there is an inquiry, a person's reliance on the representation made must be reasonable. Once an inquiry is made, if a real estate agent, by not responding or by only partially responding, misrepresents a material fact about a piece of property he or she is trying to sell, then that agent will be liable for fraud if the buyer's reliance on the representation is reasonable. See Torres v. State Farm Fire Cas. Co., 438 So.2d 757 (Ala. 1983).
In the present case, defendant Coker did not reveal that White Roofing had initially stated that it would be better to put a new roof on the house, even though Boswell had inquired of him regarding the condition of the roof. Coker, instead, responded only by reading to her the certification letter obtained from White Roofing. A question arises as to whether the failure of Coker to inform Boswell about David White's statements was a breach of a duty to disclose. Code 1975, § 6-5-102. Also, a *Page 496 
factual determination as to whether Boswell reasonably relied on the information given by Coker is necessary in order to determine whether Coker is guilty of fraud. This determination must be made in light of the fact that Boswell was given an opportunity to inspect the house.
 III.
Another issue in the present case is whether the statements made by Coker constituted an expression of opinion or a representation of fact. The ultimate determination of the true nature of a given statement depends upon all the circumstances of the particular case. Jones v. McGuffin,454 So.2d 509, 512 (Ala. 1984); Fidelity Casualty Co. v. J.D.Pittman Tractor Co., 244 Ala. 354, 13 So.2d 669 (1943). Boswell claims, in her affidavit, that Coker told her, prior to the signing of the sales contract, that there was nothing wrong with the roof. She also claims that this statement was made in response to specific questions concerning the roof. In a situation where a real estate agent responds directly to an inquiry by the buyer, the determination of whether the response is a representation of fact or merely an expression of opinion is ordinarily a matter for the jury. Fidelity Casualty Co.,supra. See Harrell v. Dodson, 398 So.2d 272, 276 (Ala. 1981).
There are several issues of genuine fact the jury must consider: 1) whether defendant Coker's statements were representations of fact or expressions of opinion; 2) whether defendant Coker's failure to respond completely (i.e., his failure to tell all that he knew about the roof) was a breach of duty; and 3) whether plaintiff Boswell's reliance on defendant Coker's statements was reasonable. Clearly, this was not a case for summary judgment. Rule 56, A.R.Civ.P.
REVERSED AND REMANDED.
MADDOX, ALMON, BEATTY and HOUSTON, JJ., concur.