KENNEDY, Justice.
D. Daniel Walker, Jr., and Linda Walker, parents of Michael L. Walker, deceased, *133 sued Time Insurance Company (“Time”), seeking payment of life insurance and accidental death benefits on a policy covering their deceased son. The trial court granted Time’s motion for summary judgment. The Walkers appeal. We reverse and remand.
The issue is whether there is a genuine issue of material fact as to the decedent’s coverage at the time of his death, pursuant to the terms of the policy.[1]
On Wednesday, September 23, 1987, Michael L. Walker accepted employment with SBS Electrical Supply Company, Inc. (“SBS”). He reported for work on Monday, September 28, 1987. He was employed by SBS until his death on October 26, 1987.
SBS provided life and accidental death insurance for all eligible employees. Time refused to pay benefits for Michael Walker, alleging that he was ineligible because, it argued, the one-month probationary period provided for in the policy had not expired prior to his death.
On April 26, 1985, SBS applied to Time for a group health and life insurance policy for its employees. On the application, SBS selected the following coverage provision: “The policy is to insure eligible persons who are active fulltime employees (minimum 30 hours per week).” Time issued a group policy to SBS in accordance with the information on the application.
The application provides in pertinent part:
“New Employees become effective:
“() immediately (date of hire)
“(x) exactly 1 month(s) following date of hire.”
The policy provides in pertinent part:
“SECTION II. INSURING AGREEMENT
“ELIGIBILITY DATE
“A Group Member’s eligibility date is:
[[Image here]]
“3. The first day the Group Member is at active work after the probationary period.”
The schedule page of the policy included the following language:
“Probationary period: 1 Month
“Coverage for new enrollment will become effective on the first day following completion of the Probationary Period. If the effective date takes place between the 1st and 15th of the month, Time Insurance Company will charge a full month’s premium. If the effective date occurs on or after the 16th, but before the end of the month, Time Insurance Company will not make a charge until the 1st of the subsequent month.”
The terms of the SBS policy clearly provide that no coverage is in effect on. an employee until after the one-month probationary period is completed.
Summary judgment should be entered only if the pleadings, depositions, answers to interrogatories, and affidavits submitted show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P. Sadie v. Martin, 468 So.2d 162 (Ala.1985). If there is any evidence supporting the position of the party against whom a summary judgment motion is made, summary judgment cannot be granted. Rule 56(c); Boswell v. Coker, 519 So.2d 493 (Ala.1987); Ray v. Montgomery, 399 So.2d 230 (Ala.1980).
In the present case, it is undisputed that the decedent did not survive one month after he began work on September 28, 1987. He did, however, survive for more than one month after he was hired on September 23, 1987. The language of the application for insurance and the language of the policy itself are conflicting as to the effective date of the policy. The application provides that “[coverage for] [n]ew [ejmployees become[s] effective ... exactly 1 month(s) following date of hire.” The *134 master policy, however, provides that a group member’s eligibility date is the first day the group member is at “active work after the probationary period” of one month.
The cover page of the master policy states in part that “[t]he policy, the application ... and any endorsements constitute the entire contract between Time and the policyholder.” The application and the policy differ as to when a new employee becomes eligible for coverage under the plan. Therefore, the judgment is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.

. Plaintiffs filed suit on March 10, 1988. Therefore, the “substantial evidence" rule applies. Code 1975, § 12-21-12 (Cum.Supp.1988).