MADDOX, Justice.
This appeal involves the question of whether the trial court erred in granting a defendant realtor's[1] motion for summary judgment on a purchaser’s promissory fraud claim based on the purchaser’s allegation that the realtor had represented that rezoning of the property could be accomplished while knowing at the time he made the representation that the rezoning could not be accomplished.
I
First, we state the scope of review as set forth in Gulf City Body & Trailer Works, Inc. v. Phoenix Properties Trust, Inc., 531 So.2d 870, 872-73 (Ala.1988):
“The standard of review of a summary judgment based on a showing by the defendant that plaintiff cannot prove a cause of action is whether it clearly ap *1232 pears, with no genuine issue as to any material fact, that there is no evidence as to some essential element of the cause of action. In determining whether there is evidence of the questioned element, this Court must review the record in a light most favorable to the plaintiff and resolve all reasonable doubts against the defendant. Harrell v. Reynolds Metals Co., 495 So.2d 1381, 1383 (Ala.1986). The initial burden is on the movant to prove that there is no evidence as to some essential element of the cause of action.”
After a review of the record in a light most favorable to the plaintiff, Executive Development, Inc., we hold that the trial court erred when it granted the defendant’s motion for summary judgment on Executive’s promissory fraud claim.
II
Executive is a closely held corporation whose president and principal stockholder is Dr. Charles D. Robinson, Jr.
In May 1986, Robinson, acting as president of Executive, contacted Caroline Chat-ham, a real estate agent, and told her that he was interested in purchasing real estate in Birmingham for a townhouse development. Chatham contacted Gary Smith, whose real estate agency listed land for sale in the desired location.
Robinson alleges that before he signed the real estate sales contract with Smith on May 9, 1986, Chatham had told him that Smith had no objections to a townhouse development on the proposed site. In fact, Robinson further alleges that Chatham told him that Smith had said he was favorably disposed to the townhouse development because Smith owned real estate within the same area and he too had thought about developing his property in the near future.
Robinson claims that Smith’s alleged representation relayed to him through Chat-ham prompted him to sign the real estate sales contract with Smith. As a condition to signing the contract, Robinson says, he insisted that a contingency clause be included in it, stipulating that the contract would be contingent upon being able to have the proposed site rezoned for townhouse development. The closing date, as set forth in the contract, was to be on or before August 17, 1986.
Robinson claims that at the time of the closing, which was held on July 17, 1986, 31 days prior to the deadline set forth in the contract, although the proposed site had not been rezoned for townhouse development, Smith directly told him that he, Smith, did not oppose the proposed townhouse development and did not foresee any problems that Robinson might encounter with getting the proposed site rezoned for townhouse development. Despite the fact that the proposed site had not been rezoned, Robinson, at Smith’s suggestion, agreed to delete the contingency clause from the contract. Robinson says that he agreed to the deletion of the clause because Smith assured him that he would not oppose townhouse development on the proposed site and that rezoning of the proposed site would not pose any foreseeable problems for Robinson.
On November 13, 1986, the day of the rezoning hearing before the Birmingham Planning and Zoning Commission, Robinson appeared at the hearing to request the desired rezoning for his real estate. Upon the Commission’s offer to hear any opposition to the proposed rezoning request, Smith approached the Commission and spoke in opposition to the request. Despite Smith’s opposition to the requested rezoning, the Commission granted Robinson a preliminary approval of his request. However, on December 9, 1986, at a final rezoning hearing held before the Jefferson County Commission, that Commission denied Robinson’s rezoning request. Smith did not appear at that hearing to oppose Robinson’s rezoning request.
Unable to obtain the desired rezoning for townhouse development, Robinson sold the real estate. Robinson contends that the sale of the real estate resulted in a $10,000 loss.
After reviewing evidence presented by Smith, the trial judge granted Smith’s motion for summary judgment, stating that *1233 the assurances made by Smith to Robinson constituted an “opinion” and not a statement of material fact, which is a necessary element in any fraud action. Robinson disagrees, and he appeals.
Ill
The elements necessary to support an action for promissory fraud were set forth in Leisure American Resorts v. Knutilla, 547 So.2d 424 (Ala.1989), wherein this Court stated:
“The elements of the tort of promissory fraud are: 1) a false representation; 2) of a material fact; 3) that is relied upon by the plaintiff; 4) such that he is damaged as a proximate result thereof; 5) the representation must have been made with a present intent to deceive; and 6) when the representation was made, the defendant intended not to perform in accordance with it. Selby v. Quartrol Corp., 514 So.2d 1294 (Ala.1987); and Coastal Concrete Co. v. Patterson, 503 So.2d 824 (Ala.1987).”
547 So.2d at 426. (Emphasis added.)
An essential element to be proven in any fraud claim is a misrepresentation of a “material fact.” Within the meaning of Alabama’s fraud statutes [Code 1975, §§ 6-5-101, 6-5-102], a “material fact” is a fact of such a nature as to induce action on the part of the complaining party. See, Bank of Red Bay v. King, 482 So.2d 274 (Ala.1985); Crigler v. Salac, 438 So.2d 1375 (Ala.1983). In speaking to the difficulty of discerning whether a statement is an “opinion” or a “material fact,” this Court has stated:
“ ‘Whether a given representation is an expression of opinion or a statement of fact depends upon all the circumstances of the particular case, such as the form and subject matter of the representation and the knowledge, intelligence and relation of the respective parties.’ ”
Harrell v. Dodson, 398 So.2d 272, 274 (Ala.1981) (quoting Fidelity & Cas. Co. of New York v. J.D. Pittman Tractor Co., 244 Ala. 354, 358, 13 So.2d 669, 672 (1943)).
Applying that standard to the facts of this case, this Court finds in the record evidence that the representations allegedly made by Smith to Robinson constituted statements of “material fact,” not merely the expression of an opinion. The surrounding circumstances that support our conclusion are as follows: (1) The property in question was not zoned for townhouse development, and Robinson related to Smith that his sole purpose for acquiring the property was for townhouse development; and for that development rezoning was essential; (2) Smith was a local realtor and past president of the local real estate improvement association; as such, Smith had some knowledge of how local real estate was used and rezoned and some influence in that rezoning; (3) Smith actively opposed Robinson’s rezoning proposal in one planning commission meeting and was involved in the solicitation of others to oppose the rezoning in another commission meeting; (4) Prior to Robinson’s attempted development, Smith had actively and successfully opposed several other rezoning proposals; (5) Robinson’s rezoning proposal was ultimately disapproved, and the property had problems with sewage and access that made it unsuitable for the townhouse project.
In light of these circumstances, and applying to this case the standards governing summary judgment and materiality, we hold that there is at least a scintilla of evidence that Smith’s representations concerned “material” facts.[2] First, there is evidence in the record that Smith indicated to Robinson that the property was suitable for townhouse development, knowing at the time of the statement that the property had problems with sewage and traffic access that would make it unusable for such a development.
Second, Smith represented to Robinson that Robinson would have no trouble getting the property rezoned; implicit in *1234 that representation was a representation that Smith would not oppose the rezoning. There is certainly evidence to support the conclusion that, at the time these statements were made, Smith intended to oppose the rezoning and that he had enough experience and knowledge to create a strong likelihood that Robinson’s rezoning request would be defeated. Therefore, we find evidence that Smith’s alleged statement with regard to the chances of Robinson’s petition for rezoning was a representation of material fact under Harrell because it related to a future occurrence over which Smith had real and significant influence.
Because there does exist a genuine issue as to a material fact regarding Robinson’s promissory fraud claim, the trial court erred in granting Smith’s motion for summary judgment. Accordingly, the judgment is reversed, and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ„ concur.

. The realtor’s agency and his wife, who worked with him, were also sued. For purposes of this opinion, we shall refer to the realtor; the claims against the other defendants were similar.

. Because the complaint was filed before June 11, 1987, a scintilla of evidence is all that is necessary to defeat the motion for summary judgment. See Ala.Code 1975, § 12 — 21—12(e) (Cum.Supp. 1989).